# Delaney et al. *v.* Philadelphia Coal & Iron Co., Appellant.

*Workmen's compensation—Minors—Agreement.*

1. A party who has voluntarily agreed to accept from defendant compensation for injuries, calculated in a particular way, and has received and retained the money paid in accordance therewith, cannot thereafter prosecute a suit to recover additional compensation for the same injuries.

2. Having agreed to and received compensation in the manner provided by the Workmen's Compensation Act, an injured party waives all right to recover by any other method.

3. Though a minor cannot be compelled to accept compensation under the Workmen's Compensation Act, if he was injured while engaged in work in express violation of a statute, he may nevertheless voluntarily do so, and if he does he cannot afterwards maintain an action of trespass to recover damages for the same injuries.

4. A minor who has sustained injuries in the course of his employment, may agree to receive from his employer the compensation provided by the Workmen's Compensation Act, and if he does so with the approval of the board, he and his parents will be bound thereby, unless the agreement is modified or set aside by a supplemental agreement approved by the board, or because it is proved to the satisfaction of the board that the agreement was procured by fraud, coercion or other improper conduct of the employer.

5. Lincoln v. National Tube Co., 268 Pa. 504, distinguished.

Argued January 10, 1922. Appeals, Nos. 34 and 35, Jan. T., 1922, by defendant, from judgment of C. P. No. 2, Phila. Co., March T., 1920, No. 2295, on verdict for plaintiffs, in case of William Delaney, a minor, by his next friend and father, Patrick Delaney, and Patrick Delaney, v. Phila. & Reading Coal & Iron Co. Before FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Reversed.

Trespass for personal injuries to boy fifteen years old at time of accident. Before BARRATT, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for William Delaney for $10,-000, and for Patrick Delaney for $2,000. Defendant appealed.

*Error assigned,* inter alia, was refusal of defendant's motion for judgment n. o. v., quoting record.

*Wm. Clarke Mason,* for appellant.

*Victor Frey,* with him *A. T. Ashton,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, February 6, 1922:

William Delaney, a minor, by his father and next friend, Patrick Delaney, and the said Patrick Delaney, in his own right, sued the Philadelphia & Reading Coal & Iron Company to recover damages for injuries received by the minor while employed by defendant at one of its washeries. The statement of claim sets forth that the minor was under the age of sixteen years at the time of the employment and injury, and, without naming the Act of May 13, 1915, P. L. 286, specifies certain particulars in which this statute had been violated in his employment and in the character of work he was required to do. Defendant pleaded, inter alia, that plaintiffs had "elected to accept from this defendant the compensation provided by the Workmen's Compensation Act," that this had been paid to them, and hence they were "barred from bringing this action at law against the said defendant for the said injuries." A verdict and judgment having been recovered by each plaintiff, these two appeals followed.

Several interesting questions are raised by the assignments of error, but only one need be considered. It appears that seventeen days after the accident happened, the minor, with the consent of his father and next friend, entered into an agreement with defendant, in accordance with the provisions of the Workmen's Compensa-

tion Act of June 2, 1915, P. L. 736; and on December 29, 1919, after the minor had passed the age of 16 years, with like consent he entered into a supplemental agreement with defendant under the amendatory Act of June 26, 1919, P. L. 642. These agreements were approved by the Workmen's Compensation Board, were filed with the bureau, and the payments therein specified were made by defendant to the minor and accepted by him down to February 21, 1921 (which was the last due date previous to the trial on March 15, 1921), though this suit had been brought March 17, 1920, and the affidavit of defense averring the applicability of the act and the payments in accordance with its terms, had been filed May 14, 1920. So far as the record of the trial is concerned, the agreements and payments appear only by offers of proof overruled by the court below, but it was frankly admitted, by plaintiffs' counsel, that the facts were as stated, that the moneys received were used by the minor's mother for the support of the family, and that later payments were refused because of counsel's advice to that effect; the moneys actually paid, however, were not returned or tendered to defendant.

It is clear that the facts stated would ordinarily operate as an estoppel to the maintenance of this suit; plaintiffs would not be permitted to receive and retain compensation on an agreed basis, and at the same time prosecute a suit to recover additional compensation for the same injuries on an entirely different basis; by their agreements and receipt of the moneys, they declared the workmen's compensation acts applied, and they were entitled to compensation under them; by the suit, they denied the applicability of the acts and all right to have or retain compensation ascertained according to their terms.

Relying, however, upon our decision in Lincoln v. National Tube Co., 268 Pa. 504, plaintiffs claim that these acts cannot be invoked as a defense where, as here, the employment was in express violation of a statute.

The facts in the two cases are, however, essentially different, for there the employer sought to compel the wrongfully employed minor to proceed under the original act, while here the minor, with the consent of his father and next friend, voluntarily accepted relief under it and the amendatory Act of 1919. Though this distinction is vital and controlling, it is not necessary to further consider it, for here the supplemental agreement between the minor and defendant was made under the amendatory act, fourteen months' payments were accepted in accordance therewith, and it provides in section 407 (P. L. 660) that "All agreements for compensation and all supplemental agreements for the modification, suspension, reinstatement or termination thereof, and all receipts executed by any injured employee of whatever age,......shall be valid and binding, unless modified or set aside as hereinafter provided," that is (section 408), "by supplemental agreement, approved by the board," or (section 413) because it is proved to the satisfaction of the board that the agreement was "procured by the fraud, coercion or other improper conduct of a party, or was founded upon a mistake of law or of fact."

In the present instance the supplemental agreement of December 29, 1919, has never been "modified or set aside" and hence is "valid and binding," and must "operate as a surrender by the parties thereto of their rights to any form or amount of compensation or damages for any injury or death occurring in the course of their employment, or to any method of determination thereof, other than as provided in article III of this act": Section 303 of the Act of June 2, 1915, P. L. 736, 740. This, of course, covers the father's claim also, for when the act applies, defendant is liable only for the payments thereby required.

The judgment in each case is reversed.