# Kline, Appellant, *v.* Pittsburgh Stamp Co.

*Workmen's compensation—Agreement by minor — Employment forbidden by Child Labor Act—Setting aside agreement—Acts of May 13, 1915, P. L. 286, and June 2, 1915, P. L. 736.*

1. Although a minor if injured while engaged in employment forbidden by the Child Labor Act of May 13, 1915, P. L. 286, may not be compelled to accept compensation under the provisions of the Workmen's Compensation Act of June 2, 1915, P. L. 736, yet, if he accepts the statute, he is bound by his agreement until it is either modified or set aside by the Workmen's Compensation Board.

2. Where a boy between sixteen and eighteen years of age, enters into such an agreement, with full knowledge of the extent of his injury, in the presence of his father, and accepts and receives payments thereunder for eighteen weeks without complaint or objection, the agreement will not be set aside.

Argued October 8, 1923. Appeal, No. 130, Oct. T., 1923, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1923, No. 2564, affirming decision of Workmen's Compensation Board, in case of John Kline v. Pittsburgh Stamp Co. and Liberty Mutual Insurance Co., Insurance Carrier. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board, refusing to set aside compensation agreement. Before KLINE, J.

The opinion of the Supreme Court states the facts.

Decision sustained. Plaintiff appealed.

*Error assigned* was, inter alia, judgment, dismissing exception to decision of Workmen's Compensation Board, quoting exception.

*E. W. Langfitt,* for appellant, cited: Stern v. Ins. Co., 269 Pa. 559; Lincoln v. Tube Co., 268 Pa. 504; Delaney v. Coal & Iron Co., 272 Pa. 578.

*P. K. Motheral,* and *Reed, Smith, Shaw & McClay,* for appellee, were not heard.

PER CURIAM, January 7, 1924:

Plaintiff, a boy over sixteen and under eighteen years of age, was employed by defendant in work prohibited by the Child Labor Law and while so employed received injury necessitating amputation of three fingers of the left hand. A compensation agreement was entered into and plaintiff received payments thereunder for a period of eighteen weeks. At the end of that time a petition was filed with the board setting forth the agreement was signed under a mistake both of law and fact and that petitioner "was coerced into believing, by a representative of his employer, that the paper he signed was simply a statement as to the details connected with the accident," and asking that the agreement be modified so as to provide compensation for loss of use of the hand. The referee refused to modify the agreement, which conclusion was sustained by the board. On appeal to the court of common pleas the action of the board was approved and this appeal followed.

Under section 413 of the Workmen's Compensation Act the board may modify or set aside an original agreement "if procured by fraud, coercion or other improper conduct of the party, or was founded upon a mistake of law or of fact." We have examined the testimony and fail to find evidence of either coercion or misrepresentation on the part of defendant or its representative, or of any mistake of law or fact. On the contrary the agreement was entered into with full knowledge of the extent of the injury and in the presence of plaintiff's father and further plaintiff received and accepted payments under the agreement for eighteen weeks without complaint or objection. Although a minor, if injured while engaged in employment forbidden by the Child Labor Act, may not be compelled to accept compensation under the provisions of the Workmen's Compensation Law, yet, if he accepts

the statute, he is bound by his agreement until it is either modified or set aside by the board: Delaney et al. v. Phila. C. & I. Co., 272 Pa. 578. The referee and the board, after full consideration, having declined to modify the findings, we are not convinced their action should be disturbed.

The judgment is affirmed.