CECELIA WLOCK *v.* FORT DUMMER MILLS.

May Term, 1924.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed May 6; 1925.

*Statutes—Limit of Liberal Construction—Provisions of Child Labor Law Police Regulations—Observance of Child Labor Law Duty to State—Child Labor Law and Workmen's Compensation Law Construed Together—Application of Workmen's Compensation to Minors—Employer Not Excused from Obeying Law Because Child's Age Falsely Represented—Minor Working in Violation Child Labor Law Not "Employee" within Compensation Act—Scope of New Remedy Created by Statute—Effect of Settlement Agreement and Acceptance of Money Thereunder by Minor Unlawfully Employed—Injury to Minor Unlawfully Employed Actionable Upon Statute—Contributory Negligence—Assumption of Risk—Argument of Counsel.*

1. Although statute by its express terms is required to be construed liberally, such rule should not permit provisions of statute to be extended to purposes and objects outside of and beyond those mentioned by it.

2. Provisions of Child Labor Law (G. L. 5832-5845), forbidding or limiting the employment of minors or limiting their hours of labor, are police regulations for promotion of health, safety, and education of children, in interest of good order and general welfare of people of State.

3. Such Child Labor Law is of public policy of State, and its observance is a duty owed to State, as well as to children thereof.

4. Child Labor Law (G. L. 5832-5845), and Workmen's Compensation Act (G. L. 5752-5831), not being in conflict, are to be construed together.

5. Provisions of Workmen's Compensation Act where employment of minors is recognized and presumption created that, when employed, their rights are, to be governed by such act unless notice of contrary intention is given by or to minor's parent or guardian (G. L. 5758 and 5765), relate to minors lawfully employed and is inapplicable to those whose employment is in violation of law.

6. Provisions of Child Labor Law (G. L. 5832), that a child between the ages of 14 and 16 years shall not be employed at work connected with manufacturing unless he deposits with employer an employment certificate as specified in the law, are mandatory, and employer is not excused from liability, when employing such, even though both minor and her parents represented minor's age as over 16 years, question not being whether employer thought minor above prohibited age, but whether in fact she was, hence whether employer exercised reasonable care to comply with law is not in issue.

7. A girl who during time of her employment in manufacturing establishment was between 14 and 16 years of age; and had not deposited with her employer an employment certificate as required by Child Labor Law was illegally employed, and, therefore, did not become an employee within meaning of Workmen's Compensation Act, and was neither subject to its provisions, nor entitled to the remedy there provided.

8. A new remedy given by statute in a particular case cannot be extended to alter common law in any other case.

9. Where minor, employed contrary to provisions of Child Labor Law, thus making Workmen's Compensation Act inapplicable, was injured, agreement of settlement under such Act, and acceptance of payment thereunder, constituted no bar to common law action against employer.

10. Child Labor Law, being for protection of health and safety of children of State, and in part for their benefit, minor injured while employed in violation of such act has remedy by civil action against his employer upon such statute.

11. Where minor brings action against employer for injuries received while employed in violation of Child Labor Law, contributory negligence of minor is not available as defense.

12. Doctrine of assumption of risk does not apply as defense to action by minor against employer for injuries received while employed in violation of Child Labor Law, the negligence of employer consisting in disregard of statutory duty imposed upon employer for protection of minor employees.

13. In such action, argument of plaintiff's attorney that minor, whose hand was injured in defendant's machine while so unlawfully employed, had sustained a 15 per cent. injury to function of such hand, a loss of 15 per cent. of minor's earning power, *held* not improper under evidence in case.

ACTION OF TORT by minor against employer for injuries received while employed in violation of Child Labor Law. Plea, general denial, and several special defenses. Trial by jury at the September Term, 1923, Windham County, *Willcox,* J., presiding. Verdict and judgment for plaintiff. The defendant excepted. The opinion states the case. *Affirmed.*

*Harold E. Whitney* for the defendant.

Agreement for compensation under Workmen's Compensation Act and acceptance by plaintiff of payments as therein agreed are a bar to this action. G. L. 5765, 5766, *Noreen* v. *Vogel and Bros., Inc.,* 231 N. Y. 317; *Decker* v. *Ponvailsmith Corp.* (App. Div.), 201 N. Y. S. 874; *Delaney* v. *Philadelphia, etc., Co.,* 272 Pa. 578, 116 Atl. 537.

It was error for court to charge that doctrines of contributory negligence, fellow servant doctrine, and assumption of risk did not apply, for in order for defendant to be deprived of these defenses there must have been a causal connection between the illegal employment and the injury. *Hoadley, Admr.* v. *International Paper Co.,* 72 Vt. 79; *Corbin* v. *Grand Trunk Ry. Co.,* 78 Vt. 458; *Dervin* v. *Frenier,* 91 Vt. 398; *Hatch* v. *Daniels,* 96 Vt. 89, 117 Atl. 105; *Berdos* v. *Tremont and Suffolk Mills,* 209 Mass. 489, 95 N. E. 876; *Wiggins* v. *E. Z. Waist Co.,* 83 Vt. 365; *Cote* v. *Jay Manufacturing Co.* (Me.), 98 Atl. 817; *Williamson* v. *Sheldon Marble Co.,* 83 Vt. 365, 76 Atl. 36.

*Barber, Barber & Miller* for the plaintiff.

Agreement for compensation under Workmen's Compensation Act, and acceptance by plaintiff of payments thereunder, are not a bar to this action:

(1) Because plaintiff's employment being illegal under Child Labor Law, she is not bound by provisions of Workmen's Compensation Act, but an action for damages at common law is maintainable. *Helzel* v. *Wasson Piston Ring Co.*, 89 N. J. Law, 201, 98 Atl. 306; *Roszek* v. *Banerle & Stark Co.* (Ill.), 118 N. E. 991; *Messmer* v. *Industrial Board of Illinois* (Ill.), 118 N. E. 993; *Lostutter* v. *Brown Shoe Co.*, 203 Ill. App. 517; *Zurasky* v. *Handycap Co.*, 210 Ill. App. 254; *Moll* v. *Industrial Commission* (Ill.), 123 N. E. 562; *In re Stoner* (Ind.), 128 N. E. 938; *New Albany Box & Basket Co.* v. *Davidson* (Ind.), 125 N. E. 904; *In re Morton* (Ind.), 137 N. E. 62; *Driscoll* v. *Weideley Motor Co.* (Ind.), 133 N. E. 12; *Manufacturers' Reciprocal Assn.* v. *Dolby* (Ind.), 133 N. E. 171; *Sechlict* v. *Harris-Emery Co.* (Iowa), 169 N. W. 325; *Gutman* v. *Anderson* (Minn.), 171 N. W. 303; *Westerlund* v. *Kettle River Co.* (Minn.), 162 N. W. 680; *Pettee* v. *Noyes* (Minn.), 157 N. W. 995; *Lesko* v. *Lyondale Bleach, Dye & Print Works* (N. J.), 107 Atl. 275; *Acklin Stamping Co.* v. *Kutz* (Ohio), 120 N. E. 229; *Lincoln* v. *National Tube Co.* (Penn.), 112 Atl. 73; *Taglinette* v. *Sidney Worsted Co.* (R. I.), 105 Atl. 641; *Galloway* v. *Lumbermen's Indemnity Exch.* (Texas), 227 S. W. 536, 238 S. W. 646; *Waterman Lumber Co.* v. *Beatty* (Texas), 204 S. W. 448; *Bridgeport Brick & Tile Co.* v. *Erwin* (Texas), 241 S. W. 247; *Mangus* v. *Proctor-Eagle Coal Co.* (W. Va.), 105 S. E. 909; *Morrison* v. *Smith-Pocahontas Coal Co.* (W. Va.), 106 S. E. 448; *Stetz* v. *Mayor Boot & Shoe Co.* (Wis.), 156 N. W. 971; *Grand Rapids Trust Co.* v. *Petersen Beverage Co.* (Mich.), 189 N. W. 186; *Rock Island Coal Mining Co.* v. *Gilliam* (Okla.), 213 Pac. 833; *Manning* v. *American Clothing Co.* (Tenn.), 247 S. W. 103.

(2) Because plaintiff, being an infant, her contract was voidable, at her election, at any time during her minority. 22 Cyc. 589, 610c, 612-614; *Hoyt* v. *Wilkinson*, 57 Vt. 404; *Walker* v. *Ferrin*, 4 Vt. 523; note 13 A. L. R. 402; *Arizona Eastern R. R. Co.* v. *Carillo*, 17 Ariz. 115, 149 Pac. 313.

The illegal employment of plaintiff was the proximate cause of her injury. *Kilpatrick* v. *Grand Trunk Ry. Co.*, 74 Vt. 288, 297; *Hayes* v. *Mich. Cent. R. R. Co.*, 111 U. S. 222, 28 L. ed. 410; *Sowles* v. *Moore*, 65 Vt. 322; 20 R. C. L. 43, § 37; *De Soto Coal*

*Mining & Development Co.* v. *Hill,* 179 Ala. 186, 60 So. 583; *Elk Cotton Mills* v. *Charlie Grant,* 140 Ga. 727, 48 L. R. A. (N. S.) 656, and cases cited; *Terry Dairy Co.* v. *Nalley* (Ark.), 225 S. W. 887, 12 A. L. R. 1208; *Fitzgerald* v. *International Flax & Twine Co.,* 104 Minn. 138, 116 N. W. 475; *Sterling* v. *Union Carbide Co.,* 142 Mich. 284, 105 N. W. 755; *Dervin* v. *Frenier & Carmody,* 91 Vt. 401, 402.

The court did not err in instructing jury that as matter of law plaintiff was not chargeable with contributory negligence or with having assumed risk of employment. *Kilpatrick* v. *Grand Trunk Ry. Co., supra;* 18 R. C. L. 634, 635; *Dusha* v. *Virginia & Rainy Lake Co.,* 145 Minn. 171, 176 N. W. 482; *Terry Dairy Co.* v. *Nalley, supra; Lenahan* v. *Pittston Coal Mining Co.,* 218 Pa. 311, 67 Atl. 642, 12 L. R. A. (N. S.) 461, and note; *Strafford* v. *Republic Iron & Steel Co.,* 238 Ill. 371, 87 N. E. 358, 20 L. R. A. (N. S.) 876, and note; *Acklin Stamping Co.* v. *Kutz,* 98 Ohio St. 61, 120 N. E. 229, 14 A. L. R. at 817; *Louisville H. & St. L. R. R. Co.* v. *Lyons,* 155 Ky. 396, 48 L. R. A. (N. S.) 667, and note.

WATSON, C. J.   This is an action on the case brought by Cecelia Wlock, by her next friend, against the Fort Dummer Mills, a Vermont corporation, in the possession and control of a certain cotton mill at Brattleboro, in which defendant carries on the business of manufacturing cotton products, to recover damages for personal injuries received by the plaintiff, a minor (found by the jury to have been) between fourteen and sixteen years of age on January 23, 1923, the day on which she was injured while in the employ of defendant in its said manufacturing mill.   The evidence tended to show that on the day named, when operating a certain machine, known as a "ribbon lap" machine and used in that mill, the plaintiff slipped on some grease or tobacco juice which was on the floor near said machine, and in attempting to save herself her left hand was thrown among the open revolving rolls at the end of the machine, drawn into the same and seriously injured.   The grounds on which the plaintiff, in the complaint, bases her right of recovery, are (1) defendant's neglect to furnish her a reasonably safe place in which to work in the performance of her duties; (2) defendant's neglect to warn and instruct her as to the dangers attending such work; and (3) defendant's thus employing plaintiff, in violation of the

statute, without her having deposited with defendant a certificate from the commissioner of industries of the State,.to the effect that she was eligible to such employment.

Defendant pleaded (1) general denial; (2) that plaintiff was estopped from maintaining this action because she falsely represented to defendant, at the time it employed her, that she was more than sixteen years of age; (3) that plaintiff assumed the risk of her employment; and that the sole remedy of the plaintiff for the injury complained of is under the law of the Workmen's Compensation Act; under which law a proceeding was subsequently commenced by her and by defendant before the commissioner of industries, as provided by that law, whereby and wherein the plaintiff agreed to accept compensation for her alleged injury, which agreement was approved by said commissioner on March 22, 1923.

[1] It appeared that after the injury to the plaintiff and before the bringing of this suit, she and the defendant entered into an agreement (such as is here pleaded) under the Workmen's Compensation Act, and that it was approved by the commissioner of industries, its terms being in conformity to the provisions of that Act. It was conceded on the part of the plaintiff that she received of defendant under the agreement the amount of $87.61, and it appeared that neither this sum nor any part thereof had ever been returned by her. It is contended by defendant that this agreement and the acceptance by the plaintiff of payments as therein agreed, are a bar to this action; that construing this statute liberally, as by its terms is expressly required, it is a fair assumption that the remedy under it is exclusive in the instant case. But the rule of liberal construction falls short of extending the provisions of a statute to purposes and objects outside of and beyond those mentioned by it. *Kellar* v. *James,* 63 W. Va. 139, 59 S. E. 939, 14 L. R. A. (N. S.) 1003.

At the close of plaintiff's evidence defendant made a motion for a directed verdict on several grounds stated. The motion being overruled, evidence was introduced in defense and in rebuttal. At the close of all the evidence, defendant renewed its said motion as previously made. The motion was overruled as to the several grounds, and exception noted.

The grounds of the motion were: (1) That defendant furnished the plaintiff a suitable place in which to work; (2) That defendant furnished competent fellow servants and foremen;

(3) That defendant furnished plaintiff with suitable appliances with which to perform the work, and the evidence shows her injury to be the result of her own negligence or the result of the act of a fellow servant in placing the grease, tobacco juice or other substance on the floor near the machine, upon which plaintiff slipped, and for which defendant is not liable; (4) That the substance causing plaintiff to slip was plainly visible, and therefore the risk was obvious and assumed by her; (5) That plaintiff was guilty of contributory negligence; (6) That a settlement by way of a compensation agreement was entered into between the parties under the Workmen's Compensation Act, covering the injury here complained of, and that payments thereunder were made by defendant to the plaintiff, which payments have never been returned or tendered to defendant by her.

In addition to the exception to the overruling of the aforementioned motion, the question whether the agreement under the Workmen's Compensation Act and plaintiff's acceptance of payments thereunder constitute a bar to this action was raised by exceptions to the admission of certain evidence, to the court's refusal to charge as requested, and to the overruling of its motion to set aside the verdict. The question thus before us is of primary importance and will be first considered.

The Workmen's Compensation Act was originally enacted as No. 164, Laws of 1915, and, as amended by Nos. 173, 174, 175, and 176, Laws of 1917, became Chapter 241 of the General Laws, which is the chapter to which reference is hereinafter made in quotations from that Act. The chapter comprises Sections 5752 to 5831, inclusive. By section 5765 every contract of hiring, made subsequent to July 1, 1915, shall be presumed to have been made subject to the provisions of this chapter, unless there is an express statement or notice in writing to the contrary by one party to the other and to the commissioner of industries, and it shall be presumed that the parties have elected to be subject to the provisions thereof and to be bound thereby. "In the employment of minors, this chapter shall be presumed to apply unless the notice is given by or to the parent or guardian of the minor * * *." By section 5774, the rights and remedies granted by the provisions of that Act to an employee on account of a personal injury for which he is entitled to compensation thereunder, "shall exclude all other rights and remedies of such employee, * * * at common law or otherwise on account of such

injury * * * *.'' By section 5801, ''If the employer and an injured employee enter into an agreement in regard to compensation payable under the provisions of this chapter, a memorandum thereof shall be filed with said commissioner; and, if approved by him, such agreement shall be enforceable * * *. Said commissioner shall approve such an agreement only when the terms thereof conform to the provisions of this chapter.'' And by section 5831, the provisions of the chapter are to be liberally construed, and ''shall be so interpreted and construed as to effect its general purpose to make uniform the law in those states which enact it.''

[2] Chapter 242 of the General Laws, comprising sections 5832 to 5845, inclusive, relates to the employment of minors and women, and is referred to hereafter as the ''Child Labor Law.'' By section 5832, ''A child shall not be employed in any of the occupations or industries enumerated in the following section unless such child deposits with the employer a certificate from the commissioner of industries to the effect that he is eligible to employment in accordance with the provisions of this chapter.'' By section 5833, a child under sixteen years of age who has not completed school courses as therein specified, ''shall not be employed at work connected with railroading or manufacturing,'' etc. And by section 5834, ''A child under fourteen years of age shall not be employed, permitted or suffered to work in or about any mill, * * * factory or manufacturing establistment.'' The provisions of this chapter forbidding or limiting the employment of minors, or their hours of labor, are in the nature of police regulations for the promotion of the health, safety, and education of the children, in the interest of good order and the general welfare of the people of the State. See *State* v. *McCaffrey,* 69 Vt. 85, 37 Atl. 234.

[3] Statutes of this character have been in existence in this State for more than fifty years, with penalties prescribed for their violation; and the statute in force in 1915, at the time of the enactment of the Workmen's Compensation Act, was, in its essentials, substantially like the present law, except that the certificate of eligibility to employment was from the town or union superintendent of schools, instead of the commissioner of industries as now. This change appears in the Child Labor Law as amended by Sec. 1, No. 177, Acts of 1917. The same Act made it the duty of such commissioner, at least three times dur-

ing each year, to investigate concerning the employment of minors in any of the occupations enumerated in the chapter of the statutes relating to the employment of child labor, and therein he was given the power to call for the production of certificates deposited with the employer, to satisfy himself that the provisions of the law touching the matter had been complied with; and it was made his further duty to require a compliance with the law in that respect. This law is now found in G. L. 5841, and by section 5843 a penalty is prescribed for a violation of any of the provisions of the chapter pertaining to that subject-matter for which no other penalty is provided. This statute is of the public policy of the State, and its observance is a duty owed to the State, as well as to the children thereof. *Inland Steel Co.* v. *Yedinak,* 172 Ind. 423, 87 N. E. 229, 139 A. S. R. 289. See also *Jenness* v. *Simpson,* 84 Vt. 127, 146, 78 Atl. 886.

[4] It is to be observed that the provisions of the Child Labor Law do not prohibit the employment at work of a child between the ages of fourteen and sixteen years, who deposits with the employer an employment certificate answering the requirements of that law, nor of a child of more than sixteen years, although the hours of labor are limited if the child is under the age of eighteen years. In either case, a child may lawfully be employed and, when so employed, stands (except as to hours of labor) like any other employee with reference to the Workmen's Compensation Act. There is no conflict, therefore, between the two statutes. Both are in force in the respect under consideration, and are to be construed together. That such was the intention of the Legislature is manifest from the amendatory enactments had in connection with each statute, and especially so in view of the amendment of 1917 to the Child Labor Law, noticed above.

[5] It is to minors who are employed without violating any of the provisions of the last named law, that reference is made in sections 5758 and 5765 of the Workmen's Compensation Act where the employment of minors is recognized, and by the latter of which sections a presumption is created that, when employed, their rights are to be governed by the provisions of that Act, unless notice of a contrary intention is given by or to the parent or guardian of the minor. But the employment thus recognized is only of such minors as, taken with the employer, shall law-

fully constitute the relation of employer and employee, an essential to liability within the contemplation of the law-making body. *Packett* v. *Moretown Creamery Co.,* 91 Vt. 97, 99 Atl. 638, L. R. A. 1918F, 173. By the great weight of authority, the provisions of the Workmen's Compensation Acts are inapplicable in cases where personal injuries have been suffered by a minor whose employment was unlawful. *Hetzel* v. *Wasson Piston Ring Co.,* 89 N. J. Law, 201, 98 Atl. 306, L. R. A. 1917D, 75; *Lesko* v. *Liondale Bleach Dye, etc., Works,* 93 N. J. Law, 4, 107 Atl. 275; *Lincoln* v. *National Tube Co.,* 268 Pa. 504, 112 Atl. 73; *Secklich* v. *Harris-Emery Co.,* 184 Iowa, 1025, 169 N. W. 325; *Stetz* v. *Mayer Boot & Shoe Co.,* 163 Wis. 151, 156 N. W. 971, Ann. Cas. 1918B, 675; *Roszek* v. *Bauerle & Stark Co.,* 282 Ill. 557, 118 N. E. 991, L. R. A. 1918F, 207; *Kruczkowski* v. *Polonia Pub. Co.,* 203 Mich. 211, 168 N. W. 932. There are many other cases to the same effect to which reference might be made.

[6] The fact that plaintiff and her parents falsely represented to defendant, at the time the latter employed her, that she was more than sixteen years of age, did not change the situation. *Whitcomb* v. *Joslyn,* 51 Vt. 79. The provisions of the Child Labor Law are mandatory that a child between the ages of fourteen and sixteen years shall not be employed at work connected with manufacturing unless he deposits with the employer an employment certificate from the source and to the effect in the law specified. The question is not whether the employer, from what was stated by the child and her parents at the time it hired her, believed she was above the prohibited age, but whether in fact she was. *DeSoto, etc., Co.* v. *Hill,* 179 Ala. 186, 194, 60 So. 583. Nor, when the statute is violated, is it the question whether the employer exercised reasonable care in endeavoring to comply with the law. *Stehle* v. *Jaeger Automatic Machine Co.,* 225 Pa. 348, 74 Atl. 215, 133 A. S. R. 884. The State being interested in the safety and welfare of its children, where compliance with the statutory regulations in this respect is possible the law will accept no other justification. *Feir* v. *Weil,* 92 N. J. Law, 610, 106 Atl. 402. In taking the course it did, defendant acted at its peril. *Id.; Inland Steel Co.* v. *Yedinak, supra; American Car, etc., Co.* v. *Armentraut,* 214 Ill. 509, 73 N. E. 766; *Secklich* v. *Harris-Emery Co., supra; Lesko* v. *Liondale Bleach Dye, etc., Works, supra.*

On this question the defendant refers to the case of *Noreen*

v. *Vogel & Bros.,* 231 N. Y. 311, as holding to the contrary. It is true that the case mentioned appears to be in conflict with our conclusions above, and in conflict also with the great majority of cases in other states where similar questions have been determined. We are not impressed with the soundness of the reasoning of the New York court in that case, and do not follow it. Defendant also relies upon the case of *Delaney* v. *Philadelphia, etc., Co.,* 272 Pa. 578, 116 Atl. 537, a case in substantial accord with the New York case. What we said touching the latter case is equally applicable to the Pennsylvania case, and need not be repeated.

[7-9] The jury found that the plaintiff, at the time of her injury, was between fourteen and sixteen years of age. And it appeared from the evidence that neither before she entered upon the employment nor at any time before her injury, did she deposit with defendant an employment certificate as required by law. This being so, her employment at the work in which she was engaged when injured was prohibited by the Child Labor Law, was illegal, and did not make her an employee within the true intent and meaning of the Workmen's Compensation Act. This holding is supported by the great weight of authority in other states where a similar question has been presented in cases involving the construction of a Child Labor Law in connection with the application of the provisions of the Workmen's Compensation Act. The numerous cases from other states, to which reference is made above, are authority for this holding also; and in addition thereto reference is made to the following cases: *Taglinette* v. *Sydney Worsted Co.,* 42 R. I. 133, 105 Atl. 641; *Westerlund* v. *Kettle River Co.,* 137 Minn. 24, 162 N. W. 680; *Western Union Tel. Co.* v. *Ausbrooks,* 148 Tenn. 615, 257 S. W. 858, 33 A. L. R. 330; *Hillstad* v. *Industrial Ins. Com.,* 80 Wash. 426, 141 Pac. 913, Ann. Cas. 1916B, 789; *Acklin Stamping Co.* v. *Kutz,* 98 Ohio St. 61, 120 N. E. 229, 14 A. L. R. 812.

Since the plaintiff was not an employee within the true intent and meaning of the Workmen's Compensation Act, she was not subject to the provisions thereof, nor was the remedy there provided applicable in seeking damages for the injuries suffered. A new remedy given by statute in a particular case, cannot be extended to alter the common law in any other case. *State* v. *Wilson,* 80 Vt. 249, 67 Atl. 533. For an available remedy she needed to resort, as she did, to a legal action in which her rights

might be determined according to the law applicable to the circumstances of the case. It follows that the plaintiff's agreement of settlement under the Workmen's Compensation Act, and the acceptance of payment pursuant thereto, constitute no bar to this action. It should be stated in passing, however, that by the instructions of the court to the jury, the defendant was given the benefit of the amount of such payments, in the assessment of damages in the case. See *Clinchfield Coal Co.* v. *Couch*, 127 Va. 634, 104 S. E. 802, 13 A. L. R. 398.

The court instructed the jury, in effect, that the defendant was liable as a matter of law if they found that the plaintiff was between the ages of fourteen and sixteen years and that such illegal employment established a causal connection between the employment and the injury, and that she was not as a matter of law chargeable with contributory negligence, the negligence of a fellow servant, or with having assumed the risk of her employment. To each of such instructions defendant excepted. But as will be seen these exceptions are without merit.

As already observed one ground alleged in the complaint as a basis for this action consists in the employment of plaintiff by defendant in violation of the provisions of the Child Labor Law, requiring an employment certificate of the character and effect stated above, to be deposited with the employer. The paragraph of the complaint containing the allegations in this respect is an inartistic attempt to set forth a separate cause of action based on that statute, distinct from the common law cause of action otherwise set forth in the complaint. From the record before us, there should seem to be no doubt that the court below so understood the complaint and tried the case exclusively on the basis of the alleged statutory liability. As no question was raised because of this, the case presented for review is understood and treated accordingly.

[10] The Child Labor Law is absolute in terms prohibiting the employment of a minor under the age of fourteen years in or about any mill, factory, or manufacturing establishment; it is just as absolute in prohibiting the employment of a child under the age of sixteen years, at work connected with railroading or manufacturing, who does not deposit with the employer a certificate that he is eligible to such employment. *Western Union Tel. Co.* v. *Ausbrooks, supra.* The instant case involves the employment of a child within the latter prohibition, and in

violation thereof.   It cannot be said that, although such unlaw-
ful employment may subject defendant to the prescribed penalty,
the statute contains no provisions whereby a civil action based
thereon can be had against defendant by the plaintiff to recover
damages for the injuries suffered by her in connection with the
employment.   The Child Labor Law, being for the protection of
the health and safety of the children of the State, and in part
for their benefit, the rule of law stated in Comyn's Digest, under
the head of Action Upon Statute (F), at page 453, is to the
point:   ''So, in every case, where a statute enacts, or prohibits
a thing for the benefit of a person, he shall have a remedy upon
the same statute for the thing enacted for his advantage, or for
the recompense of a wrong done to him contrary to the said
law.''   The same principle of law, in somewhat different lan-
guage but of like meaning, is laid down in Bacon's Abridgment
(Bouvier's Ed.), vol. 9, p. 258.

[11]   Substantially the same questions, presented in this
branch of the instant case, have been before the courts of last
resort in several other states.   In *Strafford* v. *Republic Iron,
etc., Co.,* 238 Ill. 371, 87 N. E. 358, 20 L. R. A. (N. S.) 876,
128 A. S. R. 129, a child, under the age of fourteen years, was
employed by the. appellant to work in its steel manufacturing
establishment, in violation of a statute of the state prohibiting
the employment of a child under the age of fourteen years in
occupations mentioned, embracing manufacturing establish-
ments, and while so employed was injured.   The appellant con-
tended that in order to recover it was incumbent upon the
appellee to prove his injury was the direct and proximate result
of the unlawful employment, and that his own negligence did not
contribute to the injury.   The court refused to instruct the jury
that it was incumbent on the appellee to prove that he was in
the exercise of due care.   The court said the statute in express
and positive language prohibited the employment of the appellee
in the appellant's business in any capacity, and that such con-
struction should be given it as to effectuate its purpose, if it can
be done without violence to the letter of the statute.   ''The
validity of such statutes,'' said the court, ''has been sustained
as an exercise of the police power of the state upon the ground
that the state is interested in the protection of children, and to
that end may pass laws preventing their employment at a tender
age, when they should be in school, in occupations that expose

them to danger of being crippled and maimed for life, and thereby rendered less capable of taking care of themselves and discharging the duties of citizenship on arriving at maturity. * * and we are of the opinion that to hold that a child who is employed in violation of the statute * * * is precluded from recovering if his negligence contributed to his injury, would seriously affect the purposes sought to be accomplished by the statute. Nor, in such case, can it reasonably be said that there is no causal connection between the employment and the injury." It was further held that the fact that the statute did not in express terms provide a liability in damages for its violation, could make no difference; that the statute was enacted for the protection of the health and safety of children, and a liability for damages resulting from its violation was created whether it was so expressly declared in the statute or not. Some of the same questions were again before the Illinois Court in *Beauchamp* v. *Sturgess, etc., Manuf. Co.,* 250 Ill. 353, 95 N. E. 204. That case was to recover damages for personal injury sustained by the plaintiff, a child under the age of sixteen years, while in the employment of the defendant manufacturing company in violation of the Child Labor statute of that state. The action was based upon the statute. The defendant contended that the employment of the child in violation of the statute did not give him such cause of action against the employer, as the statute did not in express terms provide for an action thereon in favor of a child, injured while so unlawfully employed. This contention was not sustained, the court saying the precise question was before the court in the Strafford case and was decided the other way; that "The statute was enacted for the health and safety of children, and a liability for damages resulting from its violation is created whether it is expressly so declared in the statute or not"; that the right to maintain a civil action against the employer arose under the statute by implication; and that "This decision accords with logic and reason and is supported by what we believe to be the weight of authority." And the law was there held to be that if the plaintiff was employed by the defendant in violation of the statute it was liable if he was injured while in such employment.

In *Ornamental Iron & Wire Co.* v. *Green,* 108 Tenn. 161, 65 S. W. 399, where a child, under twelve years of age, was employed in violation of a statute prohibiting the employment of

such a child, in age, in any workshop, mill, factory, or mine, the child was injured while working under such employment. It was held that in the case presented, the connection between the employment and the injury was that of cause and effect, and brought the complaint within the operation of the statute.

In *Lenahan* v. *Pittston Coal Min. Co.,* 218 Pa. 311, 67 Atl. 642, 12 L. R. A. (N. S.) 461, 120 A. S. R. 885, a boy between fourteen and fifteen years of age was injured while employed by the mining company to oil machinery, in violation of a statute that "no person under fifteen years of age shall be appointed to oil the machinery (in or about anthracite coal mining) and no person shall oil dangerous parts of such machinery while it is in motion." A compulsory non suit was directed by the court below on the ground of contributory negligence by the boy. It was held that an employer who violates the law by employing a boy under the statutory age does so at his own risk, and if the boy is injured while in the performance of the prohibited duties for which he was employed, the employer will be liable in damages for the injuries thus sustained, the court saying: "This rule is founded on the principle that when the Legislature definitely established an age limit under which children should not be employed, as it had the power to do, the intention was to declare that a child so employed did not have the mature judgment, experience and discretion necessary to engage in that dangerous kind of work. A boy employed in violation of the statute is not chargeable with contributory negligence or with having assumed the risks of employment in such occupation." To the same effect is *Stehle* v. *Jaeger Automatic Machine Co., supra; De Soto, etc., Co.* v. *Hill, supra.*

In *Inland Steel Co.* v. *Yedinak, supra,* the second paragraph of the complaint charged that the appellant employed and caused the appellee to work in its factory, when he was under fourteen years of age, in violation of a statute prohibiting such employment, and while so employed was injured. It was held that the doing of a thing prohibited or the failure to do an act commanded by statute was negligence *per se,* the natural consequence of which the employer could not escape on the ground that the employee knew of such violation and assumed the risk of injury; that the employment in question was wholly unlawful, and it appearing from the facts alleged that the appellee was injured while engaged in the performance of the duties

thereof, the employer must be held liable for the injuries sustained; that if the appellee was employed and injured, as alleged in the second paragraph, he could not, under the law, be chargeable with contributory negligence, nor with having assumed the risks of the employment; that the connection between the unlawful employment and the injury was as direct as cause and effect, and brought the employer within the operation of the statute, and a cause of action was stated, unless the statute itself was invalid, and it was held not to be. To the same effect is *Dusha* v. *Virginia, etc., Co.,* 145 Minn. 171, 176 N. W. 482, 23 A. L. R. 632.

In *Amberg* v. *Kinley,* 214 N. Y. 531, 108 N. E. 830, L. R. A. 1915E, 519, it was held that a certain section of the Labor Law, requiring fire escapes on factories, was mandatory, and that where there was not a compliance with such requirements, and by reason thereof the plaintiff's intestate was burned, there was a breach of this duty giving the tenant a right of action; and that it was not necessary for the plaintiff to prove negligence on the part of the defendant, because the failure to observe the statute created a liability *per se.* To the same effect is the holding in *Karpeles* v. *Heine,* 227 N. Y. 74, 124 N. E. 101, where, in violation of the prohibition of a statute, a boy less than fourteen years of age was permitted and directed by the superintendent of a building, in place of the regular operator, to run the elevator to carry a workman to an upper floor where he was going to work, and in connection with such unlawful employment was injured; and it was further there held that the action for the injuries suffered by the boy could not be defeated by his contributory negligence.

[12]    That the doctrine of assumption of risk did not apply to the instant case is firmly, if not conclusively, supported by our own case of *Kilpatrick* v. *Grand Trunk Ry. Co.,* 74 Vt. 288, 52 Atl. 531, 93 A. S. R. 887. There one of the defendant's freight cars, equipped with a side ladder instead of a ladder upon the end or inside, was being run by it in violation of the statute, in consequence whereof the plaintiff, an employee of defendant and in the performance of his duties, was injured. As one ground of defense, the defendant contended that the plaintiff assumed the risk. It was held that the ordinary doctrine of the assumption of risk did not apply to that case where the negligence of the employer consisted in the disregard of a

statutory duty imposed upon it for the protection of its employees.

Defendant cites and relies upon the cases of *Williamson* v. *Sheldon Marble Co.*, 66 Vt. 427, 29 Atl. 669, and *Wiggins* v. *E. Z. Waist Co.*, 83 Vt. 365, 76 Atl. 36, as authority supporting its contention in the present case that there was error in the ruling of the trial court, excluding from consideration by the jury the plaintiff's negligence contributing to her injury. But those two cases are distinguishable from the one now in hand, in that, although the boy employed in each, was not quite sixteen years of age, there is nothing in the report of either, indicating that his employment was unlawful because in violation of the provisions of the Child Labor Law.

[13]    Exception was saved to the argument of one of plaintiff's attorneys to the jury that she had sustained a fifteen per cent. injury to the function of her left hand—a loss of fifteen per cent. of her earning power. She testified in substance that at the time of her injury she was earning and receiving from defendant $17.82 a week; that after she was injured she was not able to work again for nearly three months; that she then went back to work for defendant, but was obliged to do a different kind of work because her left hand was so weak; that she then received for the first week $11.19, and for the second week $12.00, continuing to work there for five weeks; that she found it difficult to do the new kind of work because of the weakened condition of her hand; that the superintendent or foreman of the mill found fault with the quality of her work, and when she told him she could not do it any better, he discharged her; that she later went to work in a shop where handkerchiefs were manufactured, receiving at different times $4, $5, and $6, a week; and that at the time of the trial of this case she was working in a toy-making shop at $11.25 a week.

In addition to the foregoing evidence, the two physicians who treated the plaintiff immediately after the accident and thence forward, and who examined her at the time of the trial, testified on the per cent. loss of function the hand had suffered by reason of the injury to it. One of them, called by plaintiff, said that in his judgment there was about seventy-five per cent. use of that hand, and it might increase to eighty or eighty-five per cent. use; and in cross-examination he said that possibly she would improve so that there would be fifteen per cent. loss of

function. The other, called by defendant, said it was difficult to estimate, but he should say perhaps around fifteen per cent. loss at that time, and that the improvement might be another five per cent. perhaps. On the evidence, including that given by the plaintiff as to her work and weakness of the injured hand and the weekly wage she had received since the accident, we think the argument, to which exception was taken, was not improper.

What we have said either directly or in effect disposes of all exceptions relied upon by defendant in argument, none of which are sustained.

*Judgment affirmed.*