## Lucia v. Capital Pants Company, Inc.

*Michael H. Gurbarg* and *Abraham J. Levy*, for claimant.

*Joseph Blank*, for defendant.

LEVINTHAL, J., June 2, 1937.—In this appeal from the award of the Workmen's Compensation Board, defendant corporation now raises two questions which were not presented to the board for consideration when the appeal was taken from the award of the referee and from his findings of fact and conclusions of law. This circumstance would dispose of the two highly technical contentions of defendant that the claim of the employe should be disallowed, (1) because it was filed by the minor claimant in her own name, and not by her parents as next friends, and (2) because defendant corporation was never formally served; but we shall briefly discuss both of these procedural questions as though they had been properly raised.

1. As to the right of the minor claimant to file her claim petition in her own name, rather than by her parents as next friends, there is no specific provision in our Workmen's Compensation Act of June 2, 1915, P. L. 736, relating to this matter, other than section 407, which does validate agreements and receipts of minors: See Kline v. Pittsburgh Stamp Co., 278 Pa. 467, where a suit by a minor on such an agreement was prosecuted in the minor's own name. However, it has been the universal practice during the 20 years our act has been in force, and it has never been questioned, to permit minors to institute proceedings in their own names. That, of course, does not conclusively establish the right, but it does raise some inference in its favor. Moreover, it should be noted that at common law, in a suit for damages, the hospital and medical expenses are recoverable by the parent who is also entitled to the minor's wages, whereas in a compensation proceeding the injured employe, whether a minor or not,

is entitled to compensation for all medical expenses and loss of earnings. There is, therefore, no need for a separate claim by the parents in their own right and for a distinct claim on behalf of the minor, by its parents as next friends, and consequently the maxim cessat ratio, cessat lex may perhaps be invoked to simplify the record by having the claim petition filed directly by the minor employe.

2. As far as service upon defendant is concerned, section 406 of The Workmen's Compensation Act provides that any notice shall be deemed served on the date when mailed, properly stamped and addressed, and shall be presumed to have reached the party to be served. The transcript of the record indicates that on January 16, 1936, notice of the claim petition was sent to defendant. Moreover, the award of the referee indicates that counsel appeared for defendant, and no reference to the alleged defective service was made in the appeal from the referee.

It cannot be too emphatically stated that proceedings before the Workmen's Compensation Board should not be viewed as "litigation" subject to the refinements and niceties of technical and legalistic procedure: Gairt v. Curry Coal Mining Co. et al., 272 Pa. 494; Busi v. A. & S. Wilson Co. et al., 110 Pa. Superior Ct. 95.

The several other exceptions to the award of the Workmen's Compensation Board raise the question whether there was sufficient evidence to warrant the finding of fact that the employer had not obtained the employment certificate for its minor employe, as required by the Child Labor Law, and to warrant the conclusions of law that claimant was therefore illegally employed at the time of her accident and that she was consequently entitled to double compensation.

The legislature of Pennsylvania prohibits the employment of minors under 18 years of age "in connection with, any establishment, or in any occupation", without an employment certificate: Child Labor Law of May 13, 1915, P. L. 286, as amended by the Act of July 19,

1935, P. L. 1335; and provides that such violation shall result in double compensation to such minor employe, so illegally employed: Act of 1915, supra, as amended by the Act of April 14, 1931, P. L. 36, sec. 1.

The testimony is undisputed that claimant was under 18 years of age when she was injured (she had worked between six and eight months), and that at no time was an employment certificate requested or obtained from her.

This testimony, not rebutted or explained in any way by defendant, was sufficient to warrant the reasonable inference that the employer had violated the Child Labor Law and was therefore subject to the penalty of double compensation.

And now, to wit, June 2, 1937, the exceptions of Capital Pants Company, Inc., to the award of the Workmen's Compensation Board and the appeal of Capital Pants Company, Inc., from the said award are hereby dismissed, and the award of the Workmen's Compensation Board, affirming the findings of fact and conclusions of law of the referee, is hereby affirmed.

Judgment accordingly is hereby entered for claimant, Mary Lucia, against Capital Pants Company, Inc., defendant, in the sum of $6,095, being the total amount stated by the award to be payable as additional compensation.