Santucci et al., Appellants, *v.* Frank et al.

Argued November 29, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Horace N. Lombardi,* with him *Pershing N. Calabro,* for appellants.

*Henry Arronson,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, March 24, 1947:

This is an appeal from a judgment for defendant, upon an affidavit of defense raising question of law.

The question involved is whether an illegally employed minor and his parents may maintain an action in trespass for injury sustained by the minor in the course of his employment, where the minor entered into compensation agreements with the employer, with the consent and approval of the minor's parents and their counsel, and of the Workmen's Compensation Board, and where all monies have been paid pursuant to the terms of the agreements?

The minor, sixteen years old, was illegally employed by defendant in its bakery. On or about April 28, 1944, while feeding dough into a pretzel machine, his left hand became caught in the mechanism, causing the loss of his left index finger. On November 23, 1944, the minor and his employer, the defendant, entered into a written compensation agreement (later amended), approved by the minor's parents and their counsel and by the Workmen's Compensation Board. All payments have been made as provided for by the agreements. On March 28, 1945, the present action in trespass was instituted by the guardian of the minor, and the parents, to recover damages for the same injuries for which the minor has already received compensation. Judgment was entered for the defendant upon an affidavit of defense raising question of law, from which this appeal was taken.

We decided in *Fritsch v. Pennsylvania Golf Club*, 355 Pa. 384, that the Legislature by section 320(a) of the Workmen's Compensation Act of 1915, P. L. 736, as amended by the Act of 1939, P. L. 520, 77 PS 672, *provided for compensation to minors, both legally and illegally employed.* As the minor had the same power as an adult to contract for and receive compensation, the single question remains: may the parents of the minor thereafter maintain an action for trespass against the employer for the same injury to the minor? This question must be answered in the negative. The Workmen's Compensation Act, supra, provided a dif-

ferent remedy from that offered by common law. In section 303 of the Act it is declared that compensation agreements ". . . *shall bind the employer and his personal representative, and the employee, his or her wife or husband, widow or widower, next of kin, and other dependents."* (Italics supplied.) Parents are next of kin: *Pettigrew v. Pettigrew,* 207 Pa. 313, 319, 56 A. 878. The rights of parents rise no higher than those of their children: *Delaney v. Philadelphia & Reading Coal & Iron Co.,* 272 Pa. 578, 581, 116 A. 537; *Staggers v. Dunn-Mar Oil & Gas Co.,* 312 Pa. 269, 275, 167 A. 785.

The judgment is affirmed.