Zeitz et al. *v.* Zurich General Accident & Liability Insurance Company, Ltd., Appellant.

Argued March 23, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent.)

*Howard R. Detweiler,* with him *Frank R. Ambler,* for appellant.

*Henry Arronson,* with him *Victor Blanc,* for appellees.

OPINION BY FINE, J., July 15, 1949:

On October 24, 1941, the insurer issued a Standard Workmen's Compensation and Employer's Liability policy to Charles Zeitz and Philip Frank, trading as Hygrade Bakery Company, appellees, which was renewed in October, 1942, and again in 1943. On April 8, 1944, Vincent Santucci, a minor illegally employed by appellees, was injured while in the course of his employment. A compensation agreement was executed by Santucci, was approved by his parents and by the Workmen's Compensation Board, and compensation was paid in full under this agreement by the insurer. A ten percent penalty as additional compensation was paid by appellees because of Santucci's illegal employment.[1] Thereafter, on March 28, 1945, the minor, by his parents, instituted an action in trespass against appellees to recover damages for the injuries for which Santucci had already received full compensation. The insurer, notwithstanding demand, refused to defend the trespass action against appellees on the ground that the policy provisions hereinafter detailed did not provide coverage where the employe is illegally employed. Appellees were thereupon obliged to and did engage counsel who successfully defended the case: *Santucci v. Frank*, 356 Pa. 54, 51 A. 2d 696. The employer now seeks to be reimbursed for counsel fees of $1,000.00, and the costs of printing briefs on appeal to the Supreme Court in the case of *Santucci v. Frank*, supra. It is conceded that the fees and costs are fair, just and reasonable for the services performed and for the printed argument. The matter was heard on complaint and answer by a judge sitting without a jury who found for appellees in the sum of $1,109.52. The insurer's motion for judgment n. o. v. was dismissed by the court below and this appeal followed.

---

[1] Act of 1915, P. L. 736, art. III, §320(a), as last amended by the Act of 1945, P. L. 671, 77 PS §672.

The controlling question is whether, by the terms and provisions of the policy in effect at the time of suit, the insurer was obligated to defend the trespass action instituted by Santucci against appellees, for if such obligation exists, then the judgment of the court below must be affirmed. The pertinent contract provisions read as follows: Insurer agrees "One (a) To Pay Promptly to any person entitled thereto under the Workmen's Compensation Law and in the manner therein provided, the entire amount of any sum due, and all instalments thereof as they come due. . . . (2) . . . It is agreed that all of the provisions of each Workmen's Compensation Law covered hereby shall be and remain a part of this contract as fully and completely as if written herein . . . ; One (b) To Indemnify this Employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said *employees as are legally employed* wherever such injuries may be sustained . . . ; Three. *To Defend,* in the name and on behalf of this Employer, *any suits or other proceedings* which may at any time be instituted against him on account of *such injuries,* including suits or other proceedings alleging such injuries and *demanding damages or compensation* therefor, *although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent;* Four. To Pay all costs taxed against this Employer in any legal proceeding defended by the Company, all interest accruing after entry of judgment and all expenses incurred by the Company for investigation, negotiations, or defense." (Italics supplied.)

The insurer urges that since Santucci was unlawfully employed, no coverage existed by virtue of section One (b) of the policy which covered only such employes "as are legally employed" and, *a fortiori,* there was no duty on its part to defend an action instituted by an

illegally employed minor. The insurer's contentions are without merit and the judgment will be affirmed.

Section 320 of the Workmen's Compensation Act of 1915, P. L. 736, as amended, 77 PS §672, provides for compensation to minors, both legally and illegally employed, where neither the employe nor the employer has rejected the Act.[2] Prior to the amending Act of 1931, P. L. 36, the provisions of the Workmen's Compensation Act did not apply to illegally employed minors: *Lincoln v. National Tube Co.*, 268 Pa. 504, 507, 112 A. 73. In *Fritsch v. Pennsylvania Golf Club*, 355 Pa. 384, 50 A. 2d 207, it was held that an illegally employed minor may not maintain an action at law against his employer upon a cause of action based upon an injury sustained in the course of his employment where neither he nor the employer has rejected the Act. In such circumstances, the Workmen's Compensation Act was the exclusive remedy. In *Santucci v. Frank*, 356 Pa. 54, 51 A. 2d 696, it was held that neither an illegally employed minor nor his parents may maintain an action of trespass for injury received by the minor in the course of his employment. The Court, at page 56, stated: "In section 303 of the Act it is declared that compensation agreements '. . . *shall bind the employer and his personal representative, and the employee, his or her wife or husband, widow or widower, next of kin, and other dependents.*' . . . The rights of parents rise no higher than those of their children: (citing cases)."

---

[2] Section 320(a) of the Act, supra, provides: "(a) If the employe at the time of the accident is a minor, under the age of eighteen years, employed or permitted to work in violation of any provision of the laws of this Commonwealth relating to minors of such age, compensation, either in the case of injury or death of such employe, shall be one hundred and ten per centum of the amount that would be payable to such minor if legally employed. The amount by which such compensation shall exceed that provided for in case of legal employment may be referred to as 'additional compensation.'"

As it therefore is definitely settled Santucci could not recover in trespass, but did secure his redress under the Workmen's Compensation Act, the insurer's obligation for such compensation payments arose under clause One (a) [compensation clause] of the policy. Of course clause One (b) provided no coverage in these circumstances, being limited to cases where compensation for reasons assigned in the policy is not payable. The question then arises: Is insurer's obligation to defend under clause three of the policy correlated to and controlled by its obligation to indemnify, as set forth in One (b)? By thus reading the phrase "as are legally employed" of One (b) into clause three, the insurer contends its obligation to defend is restricted to actions brought by a certain group of employes, namely, "legally employed" persons; that Santucci concededly is not in that class.

An examination of the policy and its endorsements indicates that clause One (b) was designed to provide coverage for the employer in jurisdictions which, contrary to Pennsylvania, make no provision for compensation benefits for minors illegally employed, but which relegate an employe to his common law remedies. However, where, as in Pennsylvania, an illegally employed minor is restricted to relief under the Workmen's Compensation Act, any question of the applicability of clause One (b), as between the insurer and insured drops out of the case; recovery is under clause One (a) and the subsections dealing solely with workmen's compensation in which case insurer would be required to defend, or pay the compensation as it did here, despite unlawful employment of the minor. Such interpretation is strengthened when paragraphs 5 and 6 of Endorsement No. 1A are examined. They provide, inter alia: "5. In respect to such operations performed in any such State in which there is no Workmen's Compensation Law or performed in any such State while the Employer is not obligated to provide and pay com-

pensation under the Workmen's Compensation Law of such State, the Company's liability under Paragraph One (b) of the Agreements shall be limited to Five Thousand Dollars ($5,000.) on account of personal injuries . . . ; 6. In respect to such operations performed in any such State while the Employer is obligated to provide and pay compensation under the Workmen's Compensation Law of such State, the Company's liability under Paragraph One (b) of the Agreements shall be limited to Twenty Five Thousand Dollars ($25,000.) as the result of one or more claims arising from one accident . . ."

To so limit the broad language of clause three as appellant now seeks would be an unwarranted restriction of the scope of that clause, the language of which is clear, precise and unambiguous. If the insurer intended clause three should be so narrowly construed, it could have easily so provided by apt language. Moreover, if an ambiguity did exist, then it is clear that such ambiguity or doubt should be resolved in favor of the insured. *Roeser v. National Life Insurance Co.*, 115 Pa. Superior Ct. 409, 175 A. 887.

Clause three is broad and comprehensive in its provisions and is designed to protect the employer by defending "*. . . any suit or other proceeding . . . although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent.*" (Italics supplied.) Cf. *University Club v. American Mutual Liability Insurance Company of Boston*, 124 Pa. Superior Ct. 480, 485, 189 A. 534; 8 Appelman, Insurance Law and Practice, §§4684, 4685. The covenant with respect to "groundless, false or fraudulent" suits must be construed against the insurer. The insurer does not have the option of deciding whether or not an action, proper and sufficient upon its face, imposes upon it a liability to pay and make its obligation to defend dependent thereon. The insurer, under the provisions of its policy,

should have defended the insured in the first instance when requested. To hold otherwise would defeat, it seems to us, the true intent of the "defense" clause in the policy, which is for the mutual benefit of both the insurer and the insured. It avails the insurer with opportunity to minimize insurance losses by defending litigation, including groundless or false or fraudulent actions, and it protects and insulates the insured from the annoyance and expense of litigation. Cf. *Grand Union Stores, Inc. v. General Accident, Fire & Life Assur. Corp.*, 163 Misc. 451, 295 N. Y. S. 654, 657.

Appellant's contention that its duty to defend is dependent upon its duty to pay any judgment is without merit; it covenanted (1) to indemnify, and (2) to defend. The insured not only bought protection against claims of employes, injured while in the course of their employment, but also bought protection from the harassment of "groundless, false and fraudulent" claims, regardless of the insurer's ultimate liability to pay. To hold that liability to pay is the determinative factor whether insurer must defend would negate the defense covenant in the policy. Manifestly a fraudulent action without legal basis can impose liability to pay upon no person. Cf. *Summer & Co., Inc. v. Phoenix Indemnity Co.*, 177 Misc. 887, 32 N. Y. S. 2d 2. Nor did the parties intend to exclude from insurer's obligation to defend any "groundless, false and fraudulent" action instituted by a person unlawfully employed.

It follows from what has already been said that the clauses, here considered, are clearly separate, distinct and independent promises on the part of the insurer; that its failure to defend subjects it to liability to the insured for the costs and fees expended in successfully opposing a claim for damages. Appellant's fear of waiver of any defense of non-coverage by participation in the action is unfounded. Cf. *Speier v. Ayling*, 158 Pa. Superior Ct. 404, 408, 45 A. 2d 385.

Judgment affirmed.