## Carter v. Metropolitan Life Insurance Co., Appellant.

*Insurance—Life insurance—Loan—Payment—Forfeiture — Notice—Construction of policy—Doubt.*

1. Where the insured, under a life policy, secures from the company a loan amounting to the full cash value of the policy as of the date when the next annual premium became due, and dies after that date without having paid either the loan or the premium, the executor may recover the face value of the policy less the loan and unpaid premium, where it appears that the policy provided that a failure to repay a loan with interest "shall not avoid the policy unless the total indebtedness hereon to the company shall equal or exceed such loan value at the time of such failure, and until twenty-one days after notice shall have been mailed by the company to the last known address of the insured," and it appears that no such notice was ever given by the company.

2. An existing doubt as to the construction of the different parts of a policy of insurance must be resolved in favor of the insured.

Argued March 17, 1919. Appeal, No. 210, Jan. T., 1919, by defendant, from judgment of C. P. Susquehanna Co., No. 98, Jan. T., 1916, for plaintiff n. o. v., in case of Carter v. Metropolitan Life Ins. Co. Before STEWART, MOSCHZISKER, FRAZER, WALLING and KEPHART, JJ. Affirmed.

Assumpsit on a life insurance policy. Before CHANNELL, P. J., specially presiding.

At the trial the jury returned a verdict for defendant. Subsequently the court entered judgment for plaintiff n. o. v. Defendant appealed.

*Error assigned* was in entering judgment for plaintiff n. o. v.

*Benj. R. Jones,* for appellant.—When the insured failed to pay the annual premium which became due August 3, 1915, he was in default: McDonald v. Columbia N. L. I. Co., 253 Pa. 239; Salig v. U. S. L. Ins. Co., 236 Pa. 460; Lantz v. Vermont Life Insurance Co., 139 Pa. 546; Rhodes v. Royal Union Mutual Life Insurance Co., 56 Pa. Superior Ct. 233.

*John D. Miller,* with him *Allan D. Miller,* for appellee, cited: Francis v. Prudential Ins. Co., 243 Pa. 380; Cravers v. N. Y. Life Ins. Co., 50 S. W. Rep. 519; Salig v. U. S. L. Ins. Co., 236 Pa. 460; McDonald v. Columbia Nat. Life Ins. Co., 253 Pa. 239.

OPINION BY MR. JUSTICE FRAZER, April 28, 1919:

In 1910 plaintiff's decedent obtained from defendant an endowment policy on his life for the sum of $15,000, providing for the payment of an annual premium for a period of fifteen years, or until the death of the insured. On September 22, 1914, the insured obtained a loan of $3,510, this amount being the full loan or cash value of the policy on August 3, 1915, the date the next annual premium became due. The insured died November 27, 1915, without having paid either the premium due on August 3d preceding, or the loan of $3,510. The executor of decedent then brought this action to recover the face value of the policy, less the loan and unpaid premium, claiming the policy continued in force under a provision automatically extending it for a period of eight years and four months after nonpayment of premium. The trial judge directed a verdict for defendant, subsequently, however, entering judgment non obstante veredicto for plaintiff. The contention of defendant in this appeal is that failure to pay the loan, which in amount was identical with the full face surrender value of the policy at the time of default in payment of premium, was

equivalent to the exercise of an option under the policy to take its cash value, consequently nothing remained in reserve to purchase paid-up endowment or term-insurance.

A clause in the policy relating to payment of premium states: "Except as herein provided the payment of a premium or installment thereof shall not maintain the policy in force beyond the date when the next premium or installment thereof is payable." There is a further provision allowing a grace period of thirty-one days for payment of all premiums after the first, and if death should occur during that time the amount of unpaid premiums should be deducted from the sum payable under the policy. A subsequent paragraph provided that, after the policy had been in force for three years, the holder "within three months after any default, may elect (a) to accept the cash value of this policy, or (b) to have the insurance continued in force as term insurance from date of default for its face amount, without participation and without the right to loan or cash value, or (c) to purchase nonparticipating paid-up endowment insurance, payable at the same time or on the same conditions as this policy but without the right to loan or cash value...... If the owner shall not, within three months from default, surrender this policy to the company at its home office for a cash surrender value or for paid-up insurance as provided in options (a) and (c), the insurance will be continued as provided in option (b)." Under the heading "Loans" the insured is permitted to borrow from the company, after three annual premiums have been paid, and on the security of the policy, a sum equal to the cash value of the policy at the end of the current year and it is provided that failure to repay such loan with interest "shall not avoid this policy unless the total indebtedness hereon to the company shall equal or exceed such loan value at the time of such failure and until thirty-one days after notice shall have been mailed by the company to the last known address of the insured."

We find nothing in the wording of the policy indicating an intention in case of default after granting a loan to apply the proceeds of the policy to the payment of the indebtedness. The only provision referring to the effect of failure to pay having a bearing on the question is that failure to repay shall not avoid the policy "unless the total indebtedness to the company shall equal or exceed such loan value at the time of such failure and until thirty-one days after notice shall have been mailed by the company to the last known address of the insured." That the indebtedness of the insured equalled or exceeded the loan value is conceded, and defendant's right to forfeit the policy for that reason cannot be denied. Before doing so, however, something more than mere equality of indebtedness and cash value of the policy is required. Affirmative action on the part of the company must be taken by giving thirty-one days' notice of intention to avoid the policy by reason of nonpayment of the loan. In absence of such notice forfeiture does not occur and there is nothing to prevent the operation of the provision for extended insurance whereby the policy remains in force for the full period of the extended insurance. Had the insurer intended that, in case of default, the cash value of the policy should be applied to cancel the indebtedness and the policy thereby terminate if the latter equalled the former, it would have been a simple matter to have said so. In absence of such provision, the court will not read into the policy a requirement it does not contain.

That an existing doubt as to the construction of the different parts of a policy of insurance must be resolved in favor of the insured is familiar law, and under this rule the action of the court below in entering judgment for plaintiff non obstante veredicto was proper and fully supported by the decision of this court in Francis v. Prudential Ins. Co., 243 Pa. 380, where a question arose as to whether an existing indebtedness of the policyholder to the company should be deducted from the cash value of the policy so as to reduce the term of extended insurance

under a provision whereby a forfeited policy should become a paid-up policy for a certain term, without action on the part of the insured, and in absence of an election by him to the contrary. We there said (page 390) : "We cannot agree that the term of extended insurance is affected by the loan provisions of the policy, which do not in terms, nor as we view it by necessary implication, have reference to the table of extended insurance. If appellant [the insurance company] intended to reduce the term of extended insurance on account of loans to the insured, it would have been an easy matter to have so provided in the policy, and the inference from its failure to do so is that it did not so intend. The policy is in the language of the insurance company and the presumption is that its express provisions contain all the conditions intended to be imposed. Certainly the insured had the right to assume that the policy meant what it said, and that conditions not expressed did not exist. As to the loans, appellant safeguarded its interests by provisions for forfeiture, and for the deduction of indebtedness, together with interest accumulated and accrued upon payment of the amount otherwise due the insured under the terms of the policy. There is no provision in the policy for the reduction of the term of extended insurance on account of indebtedness to the insurer, and, in absence of such provision, courts are not at liberty to read into the contract what it does not contain. Again the rule that insurance contracts shall be taken most strongly against the insurer applies, and, when the provisions as to loans are read in the light of this rule, the argument of appellant on this branch of the case fails."

In the case in hand no formal notice of intent to cancel was sent the insured and the policy, consequently, remained in force, subject to the assignment to the company as collateral for repayment of the loan. Salig v. U. S. Life Ins. Co., 236 Pa. 460, cited by appellant, is distinguishable from the present case, in that the policy there contained an express provision whereby it became

void in case of nonpayment of the loan when due. In that case notices were sent the insured calling his attention to the terms under which the loan was made, and advising him the policy would be forfeited unless payments were forthcoming on or before a time stated. The case of McDonald v. Columbia N. L. Ins. Co., 253 Pa. 239, also differs from the present since there the State law provided automatically for a paid-up life insurance policy for a certain amount in case of forfeiture for nonpayment of premium, without action by either of the parties, and the effort of the insured there was to have the policy reinstated under an option clause he had failed to exercise.

The judgment is affirmed.