## Tomlinson, Trustee, v. Wilson, Appellant.

Argued December 2, 1932.   Before FRAZER, C. J., SIMPSON, SCHAFFER, MAXEY, DREW and LINN, JJ.

42

[redacted]

*Walter Lee Sheppard,* of *Foulkrod, Sheppard, Porter & Alexander,* for appellant.—A subsequent oral agreement changing or modifying a written contract previously entered into, may be set up, and does not violate the parol evidence rule: Malone v. Doughterty, 79 Pa. 46; McCauley v. Keller, 130 Pa. 53; Price, Inc., v. Robbins, 298 Pa. 568.

There was ample consideration present to sustain the subsequent oral agreement: Presbyterian Board of Foreign Missions v. Smith, 209 Pa. 361; Spangler v. Spangler, 22 Pa. 454.

*Thomas H. Lee,* for appellee.—A defendant cannot set up an alleged parol agreement made contemporaneously with a writing, by which defendant shall not be liable on the writing except on the happening of a certain contingency: Citizens Nat. Bank v. Wisecarver, 300 Pa. 60; Speier v. Michelson, 303 Pa. 66.

The subsequent oral agreement is without consideration.

OPINION BY MR. JUSTICE LINN, January 3, 1933:

This appeal is from judgment for want of a sufficient affidavit of defense in a suit for the aggregate of 5 obligations of various dates between February 15th and June 7, 1928, each in the following form:

"Received from Mrs. Wm. McK. Morris the sum of $833 as a loan, payable on demand. Joseph R. Wilson."

In defense, appellant averred that he had been attorney for the bankrupt's husband (who died May 27, 1927) and, after his death, was retained by her, acting for herself and her coexecutors, and rendered professional service to them until December 23, 1929; that they lacked funds to pay for his services and costs from time to time; that, to induce him to continue to represent them without periodical payments from them, Mrs. Morris agreed to lend him the amounts represented by the obligations in suit, with the oral understanding, however, made at the time of the loans, that she would postpone maturity until appellant received payment for "his services as counsel for the estate of her deceased husband." We note, in passing, that the alleged oral agreement cannot be received in evidence to vary or contradict the written obligations, because there is no averment that anything was omitted by fraud, accident or mistake (Speier v. Michelson, 303 Pa. 66, 72, 154 A. 127). If, therefore, nothing more appeared, we should affirm the judgment.

But defendant also avers a subsequent oral change of the contracts. He says that on July 5th, August 1st and September 4, 1928, the executors received money out of which they paid him, on each of the days mentioned, the sum of $833; that his service to the executors was taking much of his time and that he advised Mrs. Morris that he could not "continue to give the large amount of time that the affairs of said estate still required" unless she postponed demand for payment of his obligations to her. Paragraph 12 of the supplemental affidavit is as follows: "Thereupon, at the time that each of the said payments [the three just referred to] were made, the said Alice Anthony Morris orally promised and agreed, in consideration of the defendant's consent to continue to give his professional services to the said estate regardless of the time that might be involved, that she would not make demand upon the said defendant for the repay-

ment of any of the said advances or loans, previously made by her to him, until the estate should be finally settled, and that payment of the same should be made to her then, out of the money allowed or awarded to him at that time as professional compensation." He also avers that in consequence of her postponement of demand he continued to act as their attorney and that "the administration of the estate was at all times and still is under the control of the said Mrs. Morris." This oral agreement, subsequently made, is provable, because, generally, parties may change their written contracts by parol: Tradesmen's Nat. Bank v. Cummings, 306 Pa. 280, 282, 159 A. 452; Price v. Robbins, 298 Pa. 568, 571, 148 A. 849.

On this branch of the case the learned court below was against defendant on the theory that there was no consideration for the alleged postponement of maturity, saying: "What was the consideration? Defendant was already counsel for the estate. He had accepted a retainer, and he was in duty bound by his oath to continue to perform his duties. A lawyer cannot leave his client high and dry in the middle of litigation because it may be unpleasant or burdensome for him to proceed. Consideration implies some sort of detriment. There is something nebulous in the thought that because a lawyer continues to act as attorney for an estate he does something to his detriment. On the contrary, the employment of an attorney whether in the first instance or continued is, as a matter of fact, to his benefit because the rendition of services by him is the basis of his charges, and, indeed, the defendant here shows in his affidavits that he has made claim for his services against the estate of the bankrupt lady's husband, now in the process of adjudication, in the orphans' court." We assume that by the word "retainer" the court meant that defendant agreed to represent the executors and not that he accepted a retaining fee to cover a specified period, because it does not appear that such a contract was made. There is

nothing in the record to support the inference that the professional services rendered in or about July, August and September were of a character rendering it professionally improper for him then to withdraw, as the learned court assumed. If defendant chose to cease acting for the executors, and, instead, obtained the extension of time and thereafter rendered the services as averred (and for present purposes we must assume it to be the fact) there was consideration for the promise. See Union Trust Co. v. Long, 309 Pa. 470, and authorities there cited.

Judgment reversed with a procedendo.