Roeser *v.* National Life Insurance Company, Appellant.

Argued September 25, 1934.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*P. K. Motheral,* and with him *Reed, Smith, Shaw & McClay,* for appellant.

*Ralph C. Davis,* for appellee.

OPINION BY PARKER, J., December 18, 1934:

Martin J. Roeser, on November 7, 1910, obtained from the defendant a twenty-payment insurance policy for $5,000 on his life and the policy became fully paid

in 1930. The insured died January 23, 1934, and thereafter the plaintiff, beneficiary named in the policy, brought this action to recover the face of the policy. The defendant, in its affidavit of defense, denied any liability by reason of the alleged facts that the assured had borrowed on loan agreements on the security of the policy various sums aggregating, on November 7, 1931, $3,043.74; that assured on March 9, 1932, had defaulted in the payment of sums due on such obligations; that notice of such default had been given and assured had failed to pay, whereby the policy was, by the terms of the loan agreements and the policy, forfeited. The court below entered judgment on the pleadings for want of a sufficient affidavit of defense for the face of the policy less the amount of loans with interest, and the defendant has appealed to this court.

The sole question raised is whether the loans were due when the forfeiture was declared by the company. The policy contained the following paragraph: "LOANS. After three full annual premiums have been paid, the Company will loan upon the sole security of this policy while continued in force, and upon receipt by it of this policy duly assigned, up to the limit secured by the above specified cash or loan values at the end of the policy year within which application for the loan is made. The rate of interest on such loan shall not exceed six per cent per annum and if such interest be not paid, when due, it shall be added to the principal until the limit of said cash surrender value has been reached, whereupon, if then the interest be not paid, the policy shall become null and void, but not until one month after notice shall have been mailed by the Company to the last known address of the person to whom the loan was made and of the Insured and any assignee."

Twelve loan agreements on which the aggregate sum due on November 7, 1931, with interest to that date,

was $3,043.74, were substantially in the same form and contained promises to pay the sums advanced "with interest thereon at six per centum per annum from the date hereof [of the respective obligations] payable at the anniversary of the insurance next succeeding, and thereafter annually." There followed this provision: "All indebtedness under the above pledged policy shall be due and payable whenever such indebtedness and the interest thereon shall equal or exceed the loan value of said policy as per table therein, and all rights and insurance under said policy shall thereupon terminate when thirty-one days' notice has been mailed to the last known address of the person to whom this loan was made and of the insured and of any assignee, in accordance with the provisions of said policy, or shall be due and payable from the proceeds of said policy arising through death of the insured, maturity under its terms or any settlement by surrender under its options." The policy contained a table showing the "cash or loan value" of the policy on each anniversary date for twenty-five years, such value being at the end of the twenty-first year $3,105.90, with increasing amounts on each annual policy date thereafter.

It will be observed that the loan or cash value exceeded the amount of the obligations on November 7, 1931, the anniversary date, by $62.16. The defendant, on March 9, 1932, calculated the interest to that date at $62.40 and notified the assured in writing that the policy would become null and void if such interest was not paid within thirty-one days.

The defendant company undertook to calculate the interest at a date almost eight months in advance of the anniversary date, the time fixed by the loan agreements for the payment of interest, on the theory that the principal and interest so accrued would then exceed the cash or loan value of the policy on the pre-

vious anniversary date. We are of the opinion that the court correctly held that this could not be done under the terms of the policy or the loan agreements. It would seem unreasonable to add the interest to the amount of the indebtedness between annual policy dates fixed as the time for payment of interest and thus forfeit a policy and at the same time refuse to take into account the fact that the policy, by its very terms, was increasing in surrender value at the end of each year.

"That an existing doubt as to the construction of the different parts of a policy of insurance must be resolved in favor of the insured is familiar law": Carter v. Metropolitan Life Ins. Co., 264 Pa. 505, 508, 107 A. 847; Francis v. Prudential Ins. Co., 243 Pa. 380, 90 A. 205. By the terms of the loan agreements the interest was not due and payable until the anniversary date of the policy. When the loan agreement referred to the indebtedness and interest thereon equaling or exceeding the loan value shown by the table attached to the policy, it referred to interest due on the anniversary date. It is suggested by the appellant that this construction compelled the company to carry a loan after the security had become inadequate. To this it may be replied that the company, experienced in such matters, should have provided for such a contingency in clear and unequivocal language or required the interest to be paid in advance. By the pleadings it appeared that the value of the policy was increasing in the same sense that the interest was accruing. It is evident that it was not contemplated by the agreements in question that the interest would be exacted before the anniversary date of the policy for by its terms the insurer agreed to loan upon the sole security of the policy up to the limit of the "cash or loan values *at the end* of the policy year within which application for the loan is made." In the event

that the company made such a loan up to the limit and did not exact the interest in advance, under the construction suggested by appellant the loan would be due, the day after it was made and the company could then take steps to forfeit the policy. It is also significant that all the loan agreements, twelve in number, fixed the time for payment of interest not at three, six, or twelve months' periods according to the usual custom, but at the anniversary dates of the policy which was the time at which loan or cash values changed and also the period when dividends would be declared.

We also call attention to the fact that the provision in the policy with relation to the making of loans provides that the policy shall become null and void after notice when the principal and interest exceed "said cash surrender value." The value to which reference had just been made was the value at the end of the year and not the beginning. We are of the opinion that the condition in the policy loan agreements that whenever such indebtedness and the interest thereon shall exceed the loan value of the policy it might, after notification, be forfeited, means interest that is not paid at the time it is due according to the contract, that this interest was not due until the end of the policy year, and that the policy was not subject to forfeiture at the time notice was given. "Forfeitures are odious in law, and are enforced only where there is the clearest evidence that that was what was meant by the stipulations of the parties": Helme v. Phila. Life Ins. Co., 61 Pa. 107, 111.

Loan agreements similar to those in question, whether detailed in the policy or made in conformance with its conditions, are generally held to be valid: 18 A. L. R. 1145 n. A forfeiture, however, cannot be enforced unless all the conditions to be performed by the insurer have been strictly complied with: Ins. Co.

v. Mernert, 127 Fed. 651. The defendant in this case having given the notice at a time when it was not entitled to declare a forfeiture gained nothing by such notice. By the terms of the agreement and the policy the company could not forfeit the policy until after default and thirty-one days' notice in writing to the insured, and, having failed to give such a notice, the policy was in force at death and the plaintiff is entitled to recover the amount of the policy less the amount of the loans with interest.

In the case of New York Life Ins. Co. v. Shivley, 69 S. W. (2nd) 392, the Supreme Court of Arkansas, on facts practically identical with those in the case we are considering, arrived at the same conclusion. The case of Cory v. Massachusetts Mut. Life Ins. Co., 54 R. I. 144, 170 A. 494, would indicate a contrary conclusion. However, in that case a number of other questions were involved, and the Supreme Court of Rhode Island, in disposing of the case, gave no reasons in support of its conclusion that the interest might be computed in advance of the date fixed by the loan agreement.

We are all of the opinion that the court below came to a correct conclusion.

Judgment affirmed.