## Hickey, Appellant, *v.* Wyoming Bank and Trust Co.

Argued April 21, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*Frank J. Eustace, Jr.,* of *McAdams, Eustace & McAdams,* for appellant.

*H. James Sautter,* for appellee.

OPINION BY MR. JUSTICE LINN, May 8, 1939:

This appeal is from judgment for defendant on an affidavit of defense challenging the sufficiency of the statement of claim pursuant to section 20 of the Practice Act of 1915, P. L. 483, 12 PS section 471. Plaintiff claims damages for the conversion of stocks and bonds pledged by him as collateral security for the payment of six demand notes made by him and held by defendant.

The learned court below sustained defendant's contention that a cause of action was not pleaded. The notes were given for money loaned to the plaintiff. Each contained a provision* authorizing the bank to demand

---

* ". . . and also from time to time to demand additional collateral security, and upon failure to comply with any such demand, this obligation shall forthwith become due and payable as though it had actually matured; with full power and authority, on the part of the holder hereof in case of such default in depositing additional security as above provided or in the nonpayment of any of the liabilities above mentioned at maturity, to sell, assign and deliver the whole, or any part of such securities, or any substitutes thereof or additions thereto, at any broker's board, or at public or private sale, at the holder's option, at any time or times

additional collateral and, on plaintiff's failure to comply with the demand, to sell.

On October 16, 1937, the bank demanded additional collateral which plaintiff did not supply within the time required by defendant who thereupon sold the collateral. Plaintiff contends he should have been given more time. He avers that, while arranging to borrow money to meet the demand, defendant, on October 19, 1937, called on him for cash which, at the moment, he was unable to produce but that defendant "orally agreed that it would continue to carry said loans during all of October 19, 1937, without the deposit of additional securities or cash, and that defendant would take no action with respect to the sale of plaintiff's securities held by defendant." He avers that, on the same day, he learned that defendant was offering the collateral for sale though he does not aver when it was sold.

Plaintiff, in his notes, had agreed to increase the collateral on demand and had authorized a sale for default. If, as alleged, defendant made and broke its promise to give him all of October 19, it was a promise for which he gave no consideration, having all along been under the obligation stated in his notes. The case is ruled by *Tradesmen's National Bank v. Cummings Bros. Co.*, 306 Pa. 280, 159 A. 452; *Union Trust Co. v. Long*, 309 Pa. 470, 164 A. 346; *Gordon v. Mitchell*, 320 Pa. 277, 182 A. 386.

Judgment affirmed.

---

thereafter, without previous demand, advertisement or notice to the undersigned, . . ."

The note also contained the following: "The undersigned [plaintiff] hereby waives presentment, demand of payment, protest, and notice of nonpayment or of protest; and further agrees to the terms and conditions of the within note, and waives demand, notice and advertisement, and notice of any substitution or change of securities, and hereby guarantees the performance of all the promises entered into therein by the maker of said note."