Murray, Appellant, *v*. Prudential Insurance Company of America.

Argued October 30, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*John W. Bour,* for appellant.

*A. A. Vosburg,* of *Vosburg & Vosburg,* for appellee.

OPINION BY STADTFELD, J., March 12, 1941:

This is an action in assumpsit against the Prudential Insurance Company of America brought by Alice M. Murray, named beneficiary in a policy of insurance issued on the life of Michael J. Murray, Jr.

By agreement of counsel and with the approval of the court below, the case was referred to a referee. The facts of the case as found by the referee and concerning which there is no real dispute, are as follows: On May 11, 1909, defendant company issued a twenty-payment policy of insurance in the amount of $5,000, on the life of Michael J. Murray, Jr., the plaintiff, Alice M. Murray, being named beneficiary therein. All premiums were paid up to and including the annual premium

due in advance on May 11, 1928. On January 4, 1930 the insured, proceeding under a loan provision of the policy, applied for a loan in the sum of $2,655 from the defendant company and at the same time, executed a loan certificate. The loan was issued on January 9, 1930. The insured paid interest on the loan annually in advance until May 11, 1932. From that time on, he paid no more interest and the defendant company in its computation thereafter, added the annual interest that was due in advance but unpaid, to the principal, making a new principal each year, upon which interest was charged from the date of addition. On December 22, 1937, defendant company notified the insured that the indebtedness, including interest, to the company as of December 24, 1937, was calculated as being $3,135.94 whereas the reserve of the policy would amount to $3,112.31, and that the policy would be cancelled unless, "in accordance with the terms of the loan agreement", the loan were reduced within one month after notice, to an amount less than the reserve. The insured failed to reduce the total indebtedness as calculated by the defendant company, and the company thereupon cancelled the policy and notified the insured of the cancellation. The insured died on July 8, 1939. The company waived proofs of death and denied all liability on the policy.

Plaintiff claimed that the policy had been wrongfully cancelled and that she was entitled to a judgment in the face amount of the policy, $5,000, less $3,198.38, the amount of the loan with simple interest, or $1,801.62. Plaintiff's position was based upon the theory that in accordance with the loan provision of the policy, the loan was made at simple interest; that on that basis, the total indebtedness due the defendant company on the date of the insured's death, July 8, 1939, amounted to $3,198.38; that the reserve as of the date of insured's death, would be $3,205.32; and that the total indebtedness never having equalled the legal reserve, the policy

therefore remained in force on the date of insured's death. There was no dispute as to the mathematical accuracy of plaintiff's computations which were supported by the testimony of plaintiff's witness, John Goodwin, a certified public accountant.

The defendant company took the position that in accordance with the terms of the policy and loan certificate, its method of calculating interest was fully warranted and that the policy was forfeited on January 24, 1938, one month after notice that the total indebtedness according to its calculations had exceeded the legal reserve and upon the failure of the insured to reduce the said indebtedness. There was no dispute as to the mathematical accuracy of defendant's computations.

The referee adopted plaintiff's view of the case and entered a judgment nisi directing that judgment be entered in favor of the plaintiff in the amount of $1,801.62. On exceptions to the referee's report filed by the defendant company, the matter came before the court below. Adopting the view urged by the defendant company that "the method of calculation of interest on unpaid policy loans (that is, by compounding) was fully warranted by the terms of the policy and the loan certificate", the court below reversed the referee's conclusions of law and judgment nisi, and directed that judgment be entered in favor of the defendant company. This appeal followed.

The sole question presented here is whether or not the appellee company was warranted under the terms of the policy and loan certificate in compounding interest on the indebtedness of the insured. The answer to this question involves the construction of the loan provision of the policy and the legal force and effect of the subsequent loan certificate executed upon the application for the loan. It is clear that if the terms of the policy itself entitled the appellee company to charge compound interest, the effect of the loan certificate need not be considered. Otherwise, the question arises as to

whether the terms of the loan certificate expressly providing for the payment of interest on unpaid interest added to principal, was binding upon the insured.

The pertinent provision of the policy itself with respect to a loan is as follows: "Cash Loan or Premium Loan.—If this Policy be continued in force, the Insured may borrow from the Company, with interest *at the rate of five per cent. per annum, payable annually in advance,* on the sole security of this Policy, an amount up to the limit of the Cash Surrender Value hereinafter specified after deducting therefrom all other indebtedness on account of this Policy ...... If a Loan be granted under this Policy at any time other than on an anniversary of the Policy, the interest then payable in advance shall be for the period up to the next anniversary, beginning with which anniversary the interest shall be payable annually in advance." This section also provided for the forfeiture of the policy, if within one month after notice that the total indebtedness had become equal to the legal reserve, the insured failed to reduce the total indebtedness to less than the legal reserve.

The pertinent provision of the loan certificate is as follows: "It is understood and agreed: First—That the said loan shall bear interest at the rate of five per cent. per annum, payable in advance, and that the interest payable at the time the said loan is made shall be for the period up to the next anniversary of the said Policy, beginning with which anniversary the interest shall be payable annually in advance, and *that the said interest unless duly paid shall be added to the above loan and bear interest at the same rate and on the same conditions."*

A reference to the loan provision of the policy discloses that neither the word "simple" nor the word "compound" has been used to describe the type of interest payable on a loan. It is not necessary that the particular words be used for the clear construction of

the parties' plain meaning. If there were any ambiguity in the words that were actually used therein, it would have to be resolved in favor of the insured. "That an existing doubt as to the construction of the different parts of a policy of insurance must be resolved in favor of the insured is familiar law": *Carter v. Metropolitan Life Ins. Co.*, 264 Pa. 505, 508, 107 A. 847; *Francis v. Prudential Ins. Co.*, 243 Pa. 380, 90 A. 205. Especially is this so where a contrary construction would result in a forfeiture. "Forfeitures are odious in law, and are enforced only where there is the clearest evidence that that was what was meant by the stipulations of the parties": *Helme v. Phila. Life Ins. Co.*, 61 Pa. 107, 111; *Roeser v. Natl. Life Ins. Co.*, 115 Pa. Superior Ct. 409, 414, 175 A. 887.

If the words "with interest at the rate of five per cent. per annum, payable annually in advance" were to be construed as giving the appellee the right to compound interest, then what language should be used where the creditor is not to have said right? Would it be necessary to expressly state the loan is to bear only simple interest? To hold it necessary to expressly state the loan is to bear only simple interest before the creditor is restricted to simple interest would result in making compound interest the rule and simple interest the exception. It would be tantamount to holding a loan will bear compound interest except where the contract expressly provides for simple interest.

Appellee contends, however, that the condition that interest was "payable annually in advance" expressly or by clear implication provides for the payment of interest on interest or compound interest. It should be noted that the policy in the instant case provided for loans on the sole security of the policy, and that there was no obligation on the insured to repay the said loan. The agreement therefore to pay interest yearly is readily understandable as a provision for its payment at express periodic intervals without reference

to a date fixed for the payment of the principal which in this case the insured was not obliged to repay. Moreover, the provision that the annual interest was to be paid "in advance" merely fixed the time within each regular annual period when the interest accrued and when payment was to be made. The effect of this stipulation for the payment of interest in advance may, as suggested in *Roeser v. Natl. Life Ins. Co.,* supra, give the insurer the right to add the interest to the principal in order to determine the total indebtedness at any time prior to the anniversary date of the loan. It is clear, however, that this clause fixing the regular periods and the time within each period for the payment of interest, cannot be construed as an express or implied provision for the *method of computation* of interest claimed by the appellee. Unless the method of computation is otherwise clearly provided for, the parties are deemed to have contemplated a payment computed only upon the principal sum borrowed. And where, as here, the payment refers only to the amount actually borrowed, the provision is clearly one for simple interest only.

It is well established that the law does not favor compound interest or interest on interest; and the general rule is that in the absence of contract therefor, express or implied, or of statute authorizing it, compound interest is not allowed to be computed on a debt: 33 C. J. §36, p. 191.

In *Stokely v. Thompson,* 34 Pa. 210, the defendant sold the plaintiff a parcel of land. The purchase price of four hundred dollars was to be paid in installments, with interest thereon. The defendant covenanted to deliver the deed "upon full and complete payment of said sum of money, together with interest, at the times mentioned." The plaintiff paid the full purchase price with interest. However, plaintiff did not pay said installments at the times the same were due. The defendant refused to deliver the deed on the ground he was entitled to interest on the overdue installment of in-

terest, or compound interest. In holding the defendant was not entitled to interest on the overdue interest, the court stated as follows, pp. 212, 213 : " 'Interest upon interest, or compound interest, is never allowed, unless in special cases—as where there is a settlement of accounts between the parties, after interest has become due, or there has been an agreement for that purpose, *subsequent* to the original contract.' Whether an agreement to pay interest on interest in order to be good, must be made subsequently to the original obligation or not, or what constitutes its precise consideration, we are not called on to determine. The cases are cited to show that interest on interest is never an incident (unless where there has been a settlement, judgment, or the like, which produces a new principal, aggregating the principal and interest which had fallen due), but only where there exists a special agreement to do so in such form as to be valid.

"In the case in hand, there was no agreement to pay interest on interest; it is claimed as an incident of the non-payment of the annual interest, and that it should be calculated up to the end of each year, and then become principal upon which interest should be recovered the next year, and so, *toties quoties,* until paid. This is just the process of compounding interest and within the definition.

"In *Sparks v. Garrigues,* 1 Binn. 165, it was decided, 'that on a bond for the payment of interest annually, and of the principal at a distant day, the interest may be recovered before the principal is due; but that the plaintiff would not be entitled to charge interest on the annual interest on the bond.' This seems to have settled all controversy on this point up to the present time, for I have not been able to find any subsequent case in this court until now. There was a decision to the same effect by the Common Pleas of Union County: 3 Penn. L. J. 400. The uninterrupted practice in Pennsylvania, it is believed, has been in accordance with the

case of *Sparks v. Garrigues,* and such is undoubtedly the law ...... Compound interest, as a compensation merely for the detention of money, has never been allowed in Pennsylvania."

The exact problem of the instant case was similarly decided in *Goodwin v. Northwestern Mut. Life Ins. Co.,* 196 Wash. 391, 83 Pac. (2) 231; and in *Stauffer v. Northwestern Mut. Life Ins. Co.,* 184 Wash. 431, 51 Pac. (2) 390.

It is the contention of appellee, however, that the loan certificate executed by the insured has the legal effect of binding the insured to pay interest on interest in accordance with the express terms thereof. Appellee relies upon *Cory v. Mass. Mut. Life Ins. Co.,* 54 R. I. 144, 170 A. 494. In that case, however, the policy did not purport to be the final contract with respect to loans, nothing having been stipulated therein concerning interest, but expressly provided for a future loan certificate. Holding that the loan certificate was an essential part of the contract the court said: "The loan provision in the policy provides in a general manner the conditions upon which loans will be made; *notice is expressly given in the policy that such loans will only be made by the insurer in conformity with its rules in force at the time of making the loan. The policy was not the entire contract in regard to the loans;* the loan agreement was an essential part of the contract. Before these loans were made, the insured and the insurer agreed in advance upon the payment and computation of interest and for the termination of the policy upon default of the required payment." (Italics supplied).

In the instant case, all the essential features, including a provision covering the subject matter of interest were embodied in the original policy of insurance. It purported to be the final contract and made no reference to a loan certificate subsequently to be executed. The loan certificate was, in fact, executed almost twenty-

one years after the execution of the original policy of insurance.

To consider the loan certificate, as appellee seems to urge, as a separate agreement covering the method of computing interest in the event of its non-payment annually in advance is to do nothing by way of supporting appellee's position in the instant case. It is well settled, that a written instrument may not be varied by a subsequent agreement either written or oral, unless the latter be founded on a valid consideration: *Tradesmen's National Bank, etc. v. Cummings Bros. Co.*, 306 Pa. 280, 159 A. 452. There was no new or added consideration for said loan certificate. The only consideration for its execution by the insured was the granting of the loan by the appellee company. This, however, the company was already obliged to do at simple interest. Doing what one is already legally obliged to do is not good and sufficient consideration. *Tradesmen's National Bank, etc. v. Cummings Bros. Co.*, supra; *Quarture et ux. v. Allegheny County et al.*, 141 Pa. Superior Ct. 356, 14 A. 2d 575. Hence, the promise in the loan certificate to pay interest upon unpaid interest added to the principal is not supported by good and sufficient consideration and therefore not binding upon the insured. The same conclusion was reached on the exact problem here involved in *Goodwin v. Northwestern Mut. Life Ins. Co.*, supra, and in *Stauffer v. Northwestern Mut. Life Ins. Co.*, supra. A legislative enactment, Laws of 1939, Ch. 118 (8 Rem. Rev. Stat. §7230 a) now expressly covers this subject in the State of Washington.

The judgment of the court below is reversed, and it is directed that judgment be entered for the plaintiff in the amount of $1,801.62 with interest from July 8, 1939.