John W. SIMMONS

v.

Walter M. JEFFORDS, Jr.

and

Fidelity-Philadelphia Trust Company, Executors of the Estate of Sarah D. F. Jeffords.

Civ. A. No. 32441.

United States District Court
E. D. Pennsylvania.

Nov. 21, 1966.

Marshall A. Bernstein, Philadelphia, Pa., for plaintiff.

Peter P. Liebert, 3rd, Philadelphia, Pa., for Fidelity-Phila. Trust Co.

Francis E. Shields, Philadelphia, Pa., for Estate of Sarah D. F. Jeffords.

## MEMORANDUM AND ORDER

JOHN W. LORD, Jr., District Judge.

This is an action for personal injuries suffered by the plaintiff while he was in the employ of Sarah D. F. Jeffords, who is now deceased. Since her death, her personal representatives have been substituted as parties defendant.

When the accident occurred, the decedent was insured against personal liability by The Employers' Liability Assurance Corporation, Ltd. (hereafter called Employers) to the extent of $25,000.00. After the accident, Employers conducted an intensive investigation of the circumstances surrounding the accident, and ultimately offered its full policy limits in settlement of the plaintiff's claim. This offer was rejected, and the matter is now before this Court on the motion of Employers for leave to pay the $25,000.00 into court and to withdraw their representation of the insured.

After considering the question carefully, it is the judgment of this Court that Employers is bound to defend the action, notwithstanding its offer to pay the proceeds into court. The policy itself is clear and unambiguous. The first paragraph thereof imposes three separate and distinct responsibilities on Employers. (See *Appendix A*) First, Employers agrees to pay on behalf of the insured any sums the insured should become legally obligated to pay; second, it promises to defend the insured in any suit against her alleging damages payable under the terms of the policy; finally, it assumed the responsibility of properly investigating the claim, and otherwise representing the interests of the insured in good faith.

There is no intimation in the policy that these duties may be satisfied merely

by paying into court the applicable policy limits. On the contrary, a fair reading of the policy indicates that these were independent responsibilities. Certainly, if Employers could have effected a settlement of the claim and it saw fit to dispose of it in this fashion, there would be no duty to defend the action. This contingency is obviated by the last sentence of paragraph I (*Appendix A*) which authorizes Employers to settle any "claim or suit as it deems expedient." If, however, it is unable to effect a settlement, as has occurred in this case, it must defend the action. Otherwise, a most significant protection afforded by the policy—that of defense—is rendered a near nullity. In the view this Court takes, Employers' offer to pay its policy limits merely protects it from the additional exposure of being held responsible for a verdict in excess of the policy limits, which might be the case if it failed to use its best efforts to effectuate a settlement. See *e. g.* Keeton, Liability Insurance And Responsibility For Settlement, 67 Harv.L.Rev. 1136, 1139–42 (1959); Comment, 67 Dick.L.Rev. 321 (1963).

■ Employers has made much of the introductory language to paragraph II of the policy, limiting its responsibility to "such insurance as is afforded by [the] policy. * * *" (*Appendix A*). Its argument in this regard is unpersuasive; first, because no such introduction precedes paragraph I, that portion of the policy which the Court deems to be determinative of the rights of the parties; second, because paragraph II (a) is directed primarily, if not wholly, at post-trial expenses. However, even if similar language did precede paragraph I, it is extremely doubtful that the Court's ruling would be thereby affected. If anything, such a clause would merely create an ambiguity which, in the Court's judgment, does not now exist and which, in all probability, would be decided against Employers, the author of the agreement. See Roeser v. National Life Insurance Co., 115 Pa.Super. 409, 175 A. 887 (1934) and the authorities cited

therein. If Employers intended to reserve the substantial right it now seeks, it ought to have done so in terms free of ambiguity.

In so deciding the Court has found it unnecessary to rely upon anything beyond the policy itself. Had any doubt existed, however, it would have been quickly dissipated by an examination of a number of Pennsylvania authorities on related questions. See *e. g.* Gedeon v. State Farm Mutual Automobile Insurance Company, 410 Pa. 55, 188 A.2d 320 (1963); Weinberg v. State Workmen's Insurance Fund, 368 Pa. 76, 81 A.2d 906 (1951); Zeitz v. Zurich General Accident & Liability Insurance Co., 165 Pa. Super. 295, 67 A.2d 742 (1949); cf. Brunner v. McCullough, 216 F.Supp. 496 (E.D.Pa.1963). The general tenor of these decisions leaves little doubt as to how the courts of Pennsylvania would rule on the present motion. Accordingly, Employers' motion will be denied.

## APPENDIX A

The following is an abstract of the relevant portions of the insurance policy upon which the present motion is predicated.

### PERSONAL LIABILITY POLICY

The Insurance Company Whose Name Appears on the Declarations Page Forming a Part of This Policy * * * Agrees with the insured, named in the declarations made a part hereof, * * * in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to all of the terms of this policy:

I. *Coverage L–Personal Liability*

To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage, and the company shall defend any suit against the insured alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but the com-

pany may make such investigation and settlement of any claim or suit as it deems expedient.

\* \* \* \* \* \*

## II. *Supplementary Payments*

With respect to such insurance as is afforded by this policy for Personal Liability Coverage, the company shall pay, in addition to the applicable limit of liability:

(a) all expenses incurred by the company, all costs taxed against the insured in any defended suit and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon;