

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-17-2007

# DVI Fin Ser Inc v. Bay Area Regional

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3176

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"DVI Fin Ser Inc v. Bay Area Regional" (2007). *2007 Decisions*. Paper 1285.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1285

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-3176
_____


DVI FINANCIAL SERVICES, INC.;
USBANK PORTFOLIO SERVICES, a division of
Lyon Financial Services, Inc. as Servicer for
DVI Receivables XV, L.L.C.


v.


BAY AREA REGIONAL CANCER CENTER, L.P.; PINOLE RADIATION
ONCOLOGY MEDICAL ASSOCIATES, INC.;
ATHUR PORTER, M.D.; JAMES FONTANESI,
Appellants

(Amended per Court's order of 8/29/06)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 03-cv-03055)
District Judge:  The Honorable Charles R. Weiner


_____


Submitted Under Third Circuit LAR 34.1(a)
October 3, 2006

Before: McKEE, AMBRO, and NYGAARD, <u>Circuit</u> <u>Judges</u>.


(Filed April 17, 2007  )

_____

OPINION OF THE COURT
_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

I.

DVI Financial Services (DVI) agreed to provide medical equipment and financing to Bay Area Regional Cancer Center and its founders (collectively Bay Area) for construction of the center and its initial operations. The parties executed a Master Equipment Lease Agreement, a Loan and Security Agreement and repayment schedules. In addition, Bay Area's founders signed unconditional guarantees to back its obligations.

Bay Area faltered financially, and the parties restructured the arrangement twice. After Bay Area defaulted for a third time, DVI filed a breach of contract action against Bay Area and its guarantors in the Bucks County Court of Common Pleas. Bay Area removed the suit to the District Court on diversity grounds. Meanwhile, DVI filed for Chapter 11 bankruptcy protection and assigned its rights against Bay Area to DVI Receivables XV, LLC. DVI Receivables hired U.S. Bank Portfolio Services (U.S. Bank) and granted it a power of attorney to pursue collections.

The District Court granted U.S. Bank's motion to join the action as a plaintiff under FED. R. CIV. P. 25(c). The court conducted a bench trial and granted U.S. Bank a $5,332,763.43 judgment, plus attorneys' fees and costs. Bay Area's motion for a new

trial was denied, and it appealed. Pursuant to FED. R. APP. P. 10(e), we remanded the case to the District Court to determine whether it afforded Bay Area an opportunity to contest U.S. Bank's joinder under FED. R. CIV. P. 25(c). The District Court approved a stipulated supplement to the record and concluded Bay Area had a sufficient opportunity to oppose the joinder.[1] We will affirm.

II.

A.

First, Bay Area argues that the District Court denied it an opportunity to contest U.S. Bank's joinder as a plaintiff. We disagree. The District Court held two teleconferences with the parties, permitted Bay Area to file a brief in opposition to U.S. Bank's motion to join and amended its order to facilitate Bay Area's counterclaims against DVI. We are satisfied that the District Court granted Bay Area a sufficient opportunity to be heard on the matter.

Bay Area also contends the District Court abused its discretion in allowing U.S. Bank to join under FED. R. CIV. P. 25(c). Rule 25(c) provides, in relevant part:

> In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom

---

1. The case was originally assigned to the Hon. Charles R. Weiner. Judge Weiner passed away on November 9, 2005. Senior District Judge John Fullam adjudicated the case upon remand.

the interest is transferred to be substituted in the action or joined with the original party.

FED. R. CIV. P. 25(c) (2007).

U.S. Bank possessed a transferable interest in the action by virtue of its power of attorney and its contractual obligations to DVI Receivables XV. In addition, DVI remained a party to the action and was subject to Bay Area's counterclaims. The District Court did not abuse its discretion when it permitted U.S. Bank to join the action as an additional plaintiff.

B.

Second, Bay Area argues that their agreements with DVI did not specify the applicable interest rate, and that therefore it was to be calculated as a six-percent simple rate, pursuant to Pennsylvania law. Where the parties fail to provide for a specific rate and method of computation, Pennsylvania law implies a six-percent rate calculated only upon the original principal. *See* 41 PA. STAT. ANN. §202 (West Supp. 2006), *and Murray v. Prudential Ins. Co. of Am.*, 18 A.2d 820, 823 (Pa. Super. 1941). Here, there is no need to imply the interest rate or method of computation, because the parties agreed to the amount borrowed, the amount to be repaid and the schedule of repayment. The District Court properly inferred the applicable interest rate and method of computation from the agreed-upon sums. The court's calculation of Bay Area's liability was not clearly erroneous.

4

## C.

Finally, Bay Area claims that the District Court clearly erred in finding that DVI credited it with unearned finance charges and that DVI did not impose penalty charges against them. Schedule No. 4, however, established the terms of the final restructuring, and therefore provided conclusive evidence of the parties' intended agreement. *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 436-37 (Pa. 2005). Bay Area failed to show that they agreed to the terms of the final restructuring because of fraud or mistake.

## III.

The District Court provided Bay Area with sufficient opportunity to challenge the joinder of U.S. Bank, and did not abuse its discretion in allowing U.S. Bank to join the action. Neither did the court err in calculating Bay Area's obligations. We will affirm the court's order.

_____